JOHN E. TREISE *vs.* CITY OF ST. PAUL.

GERTRUDE TREISE *vs.* CITY OF ST. PAUL.

May 5, 1887.

**Municipal Corporations—Defective Ways—Duty to Repair.** — Where a city has graded or improved any portion of a street, for the purpose and with the result of inviting and inducing public travel thereon, there arises the duty to keep such portion in repair, and the consequent liability for failing to do so.

**New Trial—Weight of Evidence—Excessive Damages.**—Evidence held sufficient to sustain a verdict, and the damages awarded not so excessive as to justify an interference by this court.

In these actions, Gertrude Treise sued for damages for personal injuries occasioned by a defective street, and John Treise (her husband) sues for loss of her services in consequence of her injuries. At the trial in the district court for Ramsey county, before *Simons, J.,* (the two actions being tried together,) it appeared that in the evening of September 21, 1884, the plaintiffs were driving together through St. Albans street, and when near the corner of Marshall avenue, one wheel sank into a hole in the street, and Gertrude was thrown out

-and injured; the night was dark, there were no street lamps near the place of the accident, and the plaintiff John, who was driving, had no knowledge of the defect in the street. Plaintiff Gertrude had a verdict for $3,000, and John for $259. Defendant appeals from an order in each case refusing a new trial.

*W. P. Murray,* for appellant.

*John B. & E. P. Sanborn,* for respondents.

MITCHELL, J. Where a city has graded or improved any portion of a street for the purpose and with the result of inviting and inducing public travel thereon, the duty to keep such portion in repair, and the consequent liability for failing to do so, arises. *Lindholm* v. *City of St. Paul,* 19 Minn. 204, (245.) In this case the evidence shows that where St. Albans street intersects Marshall avenue, (the grade established on the latter having been four feet lower than the surface of the ground on the former,) the city graded on St. Albans street a roadway thirty feet wide, with a grade or slope of not exceeding four feet to the hundred, so as to enable travel to conveniently pass from the one street to the other; and that, as a result of this, that part of St. Albans street between Marshall and Dayton avenues was, and for a long time had been, much travelled by the public. Therefore, within the rule above stated, this part of St. Albans street was a highway for the non-repair of which the city would be liable.

Upon all other facts essential to plaintiffs' recovery, there was evidence sufficient to sustain the verdict, and the amount of damages awarded is certainly not so excessive as to warrant a belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case. There is therefore nothing to justify an interference with the verdict by this court.

Order affirmed.