CITY OF ORD v. ANN E. NASH.

50   335
50   801

FILED JANUARY 19, 1897.    No. 6992.

1. **Municipal Corporations: SIDEWALKS.** The term "sidewalk" is a comprehensive one, and in its broadest sense denotes that portion of the public highway set apart, by dedication, ordinance, or otherwise, for the use of persons traveling on foot.

2. ———: **LIABILITY FOR FAILURE TO REPAIR STREET.** Where a city or other municipality grades or otherwise improves any portion of a street for the purpose, and with the result, of inducing public travel thereon, there is a resulting duty to keep such portion of the street in repair and a consequent liability for the failure to do so.

3. ———: **DUTY TO REPAIR STREETS: INSTRUCTIONS.** It is not error to charge that a city is required to keep its streets and sidewalks in a reasonably safe condition for travel by night as well as by day.

4. ———: ———: ———: **CONTRIBUTORY NEGLIGENCE.** An instruction

that it is the duty of a city to keep its streets in a reasonably safe condition for travel by all persons is not objectionable on the ground that it excludes from the jury the question of alleged contributory negligence by the plaintiff.

5. Evidence: WITNESSES: TESTIMONY AT FORMER TRIAL. Where a witness is shown to be absent from the state, his testimony given at a former trial of the same cause is admissible if otherwise unobjectionable.

6. ———: ———: ———. Nor, in the absence of a showing upon the subject, is the fact that such witness has also testified at a second trial of the cause, which has intervened between the taking of such testimony and the one at which it is offered, a sufficient objection to its introduction in evidence.

7. ———: EXPERIMENTS. Some discretion is conferred upon the trial court in receiving evidence of experiments for the purpose of contradicting or corroborating other witnesses, and in order to authorize the reversal of a judgment on account of the admission or rejection of such evidence there must have been a clear abuse of discretion.

ERROR from the district court of Valley county. Tried below before HARRISON, J. *Affirmed.*

*A. Norman, A. M. Robbins,* and *Coffin & Stone,* for plaintiff in error.

*Munn & Staple* and *Clements Bros., contra.*

POST, C. J.

This was a suit by the defendant in error, Ann E. Nash, in the district court for Valley county, against the plaintiff in error, the city of Ord, the cause of action alleged being the negligence of the defendant city in causing and continuing a deep and dangerous excavation or trench at the intersection of two streets within said city, and within a few inches of the path or footway in common use by the public in passing along said streets. There was a trial below, resulting in a verdict and judgment in favor of the plaintiff therein, and which it is sought to reverse by means of this proceeding.

It is alleged in the petition below that the plaintiff therein, after dark, on the 7th day of November, 1890,

while passing along said streets, and without fault or negligence on her part, fell into the aforesaid excavation or trench, thereby receiving serious and permanent injuries, to her damage, etc., and which allegations are put in issue by the answer of the defendant city.

It is contended, first, that the trial court erred in giving instructions Nos. 2, 4, 8, and 9 on its own motion. It is not deemed necessary to set out at length the paragraphs assailed, since the particular objection now urged is that the jury were warranted in inferring therefrom that it was the duty of the city to construct and maintain a sidewalk at the place where the injury was received, and that its failure in that regard constituted actionable negligence. The instructions, it is true, state the general proposition, that a city is bound to keep its streets and sidewalks in reasonably good repair for the safe and convenient use of the traveling public, and close with the following cautionary statement: "The city of Ord is not an insurer of the condition of its streets and sidewalks; nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient to relieve it from liability if the streets and sidewalks were in a reasonably safe condition for foot travel by night. If in this case it is shown by the evidence that at the place where the plaintiff claims she met with her injury the street or sidewalk was in a reasonably safe condition for foot travelers, your verdict should be for the defendant." The term "sidewalks," although, perhaps, not the most precise or accurate which, under the circumstances of the case, might have been employed, could not, we think, have misled the jury or diverted their minds from the real issue presented by the pleadings and proofs. The alleged negligence, as we have seen, was the causing and continuing of a dangerous trench in the public street within a few inches of the path or footway in common use by the public. We are aware of no rule requiring the construction of artificial sidewalks as a condition precedent to the right of foot passengers to the safe and

26

convenient use of streets actually opened and dedicated
to public uses. The term "sidewalk" is a comprehensive
one, and in its broadest sense denotes that portion of the
public highway which is set apart by dedication, ordi-
nance, or otherwise for the use of pedestrians. (See El-
liott, Streets & Roads, p. 17.) In *James v. City of Portage*,
48 Wis., 677, a case strongly in point, it is said: "If a
street in a city is adopted or laid out and opened as a
highway for all kinds of travel thereon, and, without any
direction or interference of the city or its authorities, a
portion thereof alongside of the part used for teams and
carriages is used by the people who travel on foot as a
footway or sidewalk, that part so used becomes as much
a part of such street as that used for the passage of teams
and carriages." And, in general, where a city or other
municipality grades or improves any portion of a street
for the purpose, and with the result of inducing public
travel thereon, there is a resulting duty to keep such por-
tion in repair and the consequent liability for a failure to
do so. (*Lindholm v. City of St. Paul*, 19 Minn., 245; *Triese
v. City of St. Paul*, 36 Minn., 526; *City of Lincoln v. Gillilan*,
18 Neb., 114; *City of South Omaha v. Cunningham*, 31 Neb.,
316.) The streets in question had been graded and im-
proved by authority of the city, and the trench described
in the petition was made some time previous to the acci-
dent, in order to facilitate the repairing of water mains
laid the year previous. The plaintiff below was, at the
time of the accident, returning to her home from the
house of a neighbor along a path extending east and
west, commonly used by pedestrians, and which, at the
intersection of said streets, was within a few inches of
the trench above described. The instructions complained
of could not, therefore, have misled the jury to the preju-
dice of the defendant city, which had, by inducing pub-
lic travel at the point in question, assumed the burden of
keeping the streets in repair.

An additional objection to instruction No. 4 is on ac-
count of the statement therein that a city is required to

keep its streets and sidewalks in a reasonably safe condition for travel "by night as well as by day." It is argued that the duty thus imposed would require the lighting by the city of all streets within its limits. But the objection is, we think, without force. The rule stated is elementary and has been recognized as sound by all writers who have had occasion to comment upon the subject. (See Dillon, Municipal Corporations, sec. 1019; Elliott, Roads & Streets, p. 448; *Tritz v. City of Kansas City*, 84 Mo., 632.)

Exception is taken to instruction No. 8 given at the request of the plaintiff below, to the effect that it is the duty of a city to keep its streets in a reasonably safe condition for travel by all persons. The particular criticism of this instruction is directed to the word "all," which, it is contended, excludes from the jury the question of contributory negligence; but in the same sentence it is expressly stated that the plaintiff, in order to recover, must prove that the injury complained of was received without fault on her part, and in other paragraphs the law of contributory negligence is correctly stated and applied. The use of the word "all," if erroneous, is accordingly error without prejudice.

Another assignment is the admission in evidence, over the objection of the defendant city, of the testimony of Mrs. Way given on a former trial. It appears from the admissions of counsel that there were two trials of the cause previous to that resulting in the judgment now before us for review, at each of which Mrs. Way testified in behalf of the plaintiff therein. It is also shown and not disputed, that the witness named is now a resident of the state of California and was not within the jurisdiction of the district court at the date of the third trial. From the testimony of Mr. Henderson, the stenographer who reported the proceedings of the second trial, it appears that the notes taken by him have been destroyed and the testimony then given cannot be reproduced. Upon that showing the plaintiff was permitted to read in evidence the testimony of said witness on the first trial. It has

been held in this state that where a witness is shown to be absent from the state, his testimony given at a former trial of the same cause is admissible in evidence if otherwise unobjectionable. (*City of Omaha v. Jansen,* 35 Neb., 68; *Omaha Street R. Co. v. Elkins,* 39 Neb., 480.) It is contended that the rule there recognized is not applicable to the facts of this case, since it would, in the language of counsel, "be manifestly unfair to allow the plaintiff to select the testimony first given by the witness for the reason that the same was more favorable to her side of the case." There is, however, no ground for that contention. In the first place, it cannot be inferred that the testimony of the witness at the first trial was more favorable to the plaintiff below than that subsequently given by her; and, secondly, the reason for the admission of such evidence is applicable to each of several trials at which testimony was given by the witness touching the issue involved. (1 Greenleaf, Evidence, sec. 163.) It is unnecessary to examine the cases cited by the city. It is sufficient that they in nowise conflict with the views here expressed.

Finally, it is argued that the trial court erred in rejecting as evidence the result of certain experiments made a year or more subsequent to the accident. The witnesses named were, according to the offer in the record, on a cloudy night, with the assistance of a light in an adjoining house, similarly situated to one burning at the time of the accident, able to plainly see the footpath and also the surface of the ground, for a radius of several feet from the point where the injury was received. There is, as all agree, some room for the exercise of discretion by the trial court in the receiving and rejecting of evidence of this character, and we are unable to say that there has, in this instance, been an abuse of such discretion. We must not be understood as intimating that it would have been reversible error to receive the evidence offered; but the rejecting of evidence tending to prove that the condition of the premises was, at a sub-

sequent time, discernible by witnesses whose attention was specially directed to the subject, and under circumstances in some respect at least materially different from those surrounding the plaintiff below at the time of the accident, affords no ground of complaint by the city.

There is no prejudicial error disclosed by the record, and the judgment is

AFFIRMED.

HARRISON, J., not sitting.