(No. 4130.)

STARR ET AL. v. THE PEOPLE.

EVIDENCE—EXPERIMENTS OUT OF COURT.

The testimony of witnesses as to experiments made out of court is admissible to illustrate or rebutt testimony given in the case, when it is shown that the conditions are the same. And where witnesses testified to hearing a conversation wherein defendants offered to bribe a member of a city council, it was error to refuse testimony on behalf of the defendants of an experiment made by witnesses standing at the same point where the witnesses who claimed to have heard the conversation stood, and listening while defendants stood at the same point they were said to have stood when they offered the bribe, and talked in an ordinary tone, to show that their conversation could not have been heard that distance, defendants offering to show that the conditions were the same.

*Error to the District Court of Mesa County.*

Mr. J. S. CARNAHAN and Mr. S. N. WHEELER for plaintiffs in error.

Mr. D. M. CAMPBELL attorney general, Mr. CALVIN E. REED and Mr. DAN B. CAREY assistants attorney general and Mr. SAM. G. McMULLIN for the people.

*Per Curiam.*—The plaintiffs in error, were convicted of the offense of offering a bride of $500 to one A. T. Wharton, a member of the city council of Grand Junction, to corruptly induce him, the said Wharton, with partiality and favor contrary to law, to vote for the purchase by the city of Grand Junction of the water works system of the Grand Junction Water Company, and sentenced to imprisonment in the county jail for the term of six mouths, and to pay a fine of $100 and costs. Upon the trial of the cause William Campbell was sworn as a witness on the part of the people, and testified that after the adjournment of the city council on the

night of August 24, 1899, Wharton had said to him that a conversation would occur at the Carpenter corner; that he met George R. Barton, and they went up to the Carpenter lots and entered an excavation near the north end of said lots about eleven o'clock; and while so concealed, he overheard a conversation between Wharton and the plaintiffs in error, who were standing on Main street, near what is known as the Carpenter corner; that he heard McKinney say to Wharton that if he would vote for the proposition to buy the water works for $49,600, he would guarantee him $500 in cash; and heard Mr. Starr say: "Yes, $500 to $700." Mr. Barton who was also a witness, testified to having heard substantially the same conversation; that the hole is 38 feet from the Main street sidewalk. The plaintiffs in error offered to show, by C. C. Knowles and other witnesses who had made the experiment, that it was impossible for the witnesses Campbell and Barton, standing in the hole on the Carpenter lots, to hear the conversation they had testified to. Mr. Knowles testified that he was in this hole on the previous night at about 11 o'clock, in company with George Garretson and Walter Abbey; that the depth of the hole is a little over six feet, and forty feet distant from the Main street; that while in this hole he saw McKinney and Starr, the plaintiffs in error, Perry Rogers, Commodore McKinney and George Gates, standing north of him on Main street sidewalk, the place where Campbell and Barton had sworn the defendants stood on the night of August 24; that he could, by tip-toeing, see the parties where they were standing.

The witness was asked the following questions:

"Q. State whether or not, while you were in this hole, they were talking?

"A. They were making some kind of a noise supposed to be a conversation."

(On motion of counsel for people, this answer was stricken

out.)

Mr. Wheeler, counsel for defendants: "We offer to show by this witness and other witnesses, that persons in this hole could not hear these defendants talking in an ordinary tone, standing on the sidewalk forty feet north of the hole."

By the court: "The conditions might not be the same."

By Mr. Wheeler: "We offer to prove them to be the same."

The court: "The evidence can't be admitted."

It is, we think, well settled by the authorities, that the testimony of witnesses as to experiments made out of court, is admissible in both civil and criminal cases, for the purpose of illustrating or rebutting testimony given in the case, when it is shown that the conditions are the same. *Wilson v. State*, 36 S. W. Rep. 587; *Burg v. C. R. Id. & Pac. Ry. Co.*, 90 Ia. 106; *Chicago etc. Ry. Co. v. Champion*, 9 Ind. App. 510; *Mo. Pac. Ry. Co. v. Moffat*, 56 Kansas 667; *Byers v. Railroad*, 94 Tenn. 345; *Young v. Clark*, 16 Utah 42; *Smith v. State*, 2 Ohio St. 511; *Boyd v. State*, 14 Lea 161; *Lipes v. State*, 15 Lea 125; 2 Jones on Ev., § 413; *Sonoma Co. v. Stofen*, 125 Cal. 32; *Schweinfurth v. C. C. & St. L. Ry. Co.*, 60 Ohio St. 215.

We cannot accept the contention of the attorney general that it is entirely within the discretion of the trial court to admit or exclude such evidence. While it is largely within its discretion to determine whether the testimony shows that the experiment was made under such conditions as to fairly illustrate the point in issue—*City of Ord v. Nash*, 50 Neb. 335—yet when it is shown that the conditions were essentially the same in both instances, the testimony should be admitted, and its weight determined by the jury. As was said in *Byers v. Railroad Co., supra:*

"It is uniformly held that in all such tests, to make them competent, the conditions under which the tests were made must be the same as near as practicable. This requirement

appears to have been substantially complied with in this case, and, judging from the testimony offered to be given, the conditions of the. test were essentially the same as when the accident occurred. We are of opinion the trial judge was in error in not allowing evidence of this test to be introduced under proper instructions to the jury as to. its weight.''

Counsel for defendants offering to prove that the conditions under which Mr. Knowles made his test were the same as those present when the conversation testified to by Campbell and Barton occurred, the court erred in excluding the testimony. Such error necessitating a reversal of the sentence, it is unnecessary to notice the other questions presented, which may not arise upon another trial.

*Reversed and Remanded.*