[No. 9270.    Department Two.    January 20, 1911.]

JAMES LASITYR, *Respondent*, v. THE CITY OF OLYMPIA, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS. In an action for personal injuries tried to the court, error in denying a motion for judgment on the pleadings is error without prejudice, where there was a full trial on the merits and no competent evidence rejected or incompetent evidence received by reason of the state of the pleadings.

JURY—QUALIFICATIONS—TAXPAYER. Under Rem. & Bal. Code, § 94, requiring a juror to be a taxpayer of the state of Washington, it is not sufficient to disqualify a juror to show that he was not a taxpayer of the county.

MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—NOTICE—CONTRIBUTORY NEGLIGENCE. The contributory negligence of a pedestrian in failing to discover a wire netting about three feet high stretched across a sidewalk, is for the jury, where he fell over the same at night and there was evidence that it could not be seen.

SAME—OBSTRUCTIONS—NEGLIGENCE OF ABUTTING OWNER—LIABILITY OF CITY—NOTICE. A city permitting an abutting owner to obstruct a street in the laying of walks is liable for defects created or negligence as if the city itself had been doing the work, and notice to the city of the defects is not necessary.

EVIDENCE — COMPETENCY — EXPERIMENTS. Upon an issue as to whether a place was well lighted, where evidence of experiments with a similar light was offered, the determination of the preliminary questions as to whether the conditions were substantially similar is largely discretionary; and the quantity of light given out by an arc light is not so unvarying at all times as to make it an abuse of discretion to exclude evidence thereof.

[1]Reported in 112 Pac. 752.

APPEAL—REVIEW—HARMLESS ERROR—TRIAL—MISCONDUCT OF COUN-
SEL. It may not be prejudicial error, on exception to misstatements
of the counsel in argument, to refuse to interfere with the course of
the argument and further charge the jury, where the court, on ob-
jections made, referred to the written instructions given, wherein
the duty of the party was clearly defined.

Appeal from a judgment of the superior court for Thurston
county, Mitchell, J., entered April 2, 1910, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by a pedestrian in falling over an
obstruction on a sidewalk. Affirmed.

*George R. Bigelow (G. C. Israel, of counsel), for appellant.*

RUDKIN, J.—This was an action to recover damages for
personal injuries. On the 8th day of October, 1908, contract-
ors were engaged in laying a cement sidewalk on the south side
of West Fourth street in the city of Olympia, between Main
street and Columbia street. The walk in question was laid
by permission of the city, but under a private contract with
the abutting property owner. The walk was completed, or
at least unobstructed, from Main street to a point about
thirty feet east of Columbia street. At the latter point, three
planks, one foot in width and two inches in thickness, were
laid from the entrance to a store building, a foot or eighteen
inches above the walk, to the curbing at the outer edge of the
walk, for the purpose of giving access to and from the build-
ing without walking over the green cement. Immediately
west of these planks, fine wire netting, about three feet in
height, extended from the store building along the edge of
the planks to the outer edge of the walk, and thence along the
curbing to and around the corner at Columbia street, to pro-
tect the newly constructed walk until it should season or
harden. There were no barriers across the walk other than
those mentioned, and no lights or other warnings to admonish
or protect foot passengers, except the street lights in the
vicinity. There was an arc light at the intersection of
Columbia and West Fourth streets, about seventy feet distant

from the place of the accident, another arc light at the inter-
section of Main and Fourth streets, about 270 feet distant
from the place of the accident, and certain other lights on
the opposite side of the street in front of business houses.
About 8 o'clock on the evening of the above date, the plaintiff
left his home to visit a lodge room on Columbia street west
of the obstruction in question.  In so doing he passed west-
erly along the sidewalk on the south side of Fourth street and
tripped or fell over. the wire netting stretched across the
sidewalk in front of the store building above described, caus-
ing the injury for which a recovery was here sought.  From
a judgment in favor of the plaintiff, the city has appealed.

In addition to denials and a plea of contributory negli-
gence, the answer, as a second affirmative defense, alleged
that, prior to the accident complained of, the appellant had
closed West Fourth street between Main street and Columbia
street to public travel, and had caused notice thereof to be
posted in public places in the vicinity of the closed portions
of the street, and that the respondent disregarded said notices
and was a trespasser in the street at the time he met with the
accident complained of.  This latter defense was not denied
by reply, and by reason of that fact the appellant, at the
commencement of the trial, moved for judgment on the plead-
ings.  The first error assigned is based on a denial of this
motion.  The case was twice tried in the court below, and at
each trial the court ruled that this defense amounted to noth-
ing more than a denial of the allegation in the complaint to
the effect that the respondent had no notice of the dangerous
and unsafe condition of the sidewalk.  Waiving the question
whether this ruling was technically correct when made, the
case has been fully tried out on the merits, no competent testi-
mony was rejected and no incompetent testimony received
because of the state of the pleadings, and if error was com-
mitted in that regard it was error without prejudice to the
substantial rights of the parties, and must be disregarded
here.

The next assignment is based on the denial of a challenge for cause, interposed to one of the jurors on the ground that he was not a taxpayer of the state. Section 94 of Rem. & Bal. Code, provides that:

"No person shall be competent to serve as a juror in the superior courts of the state unless he be,

"(1) An elector and taxpayer of the state of Washington. . . . ."

We are inclined to agree with the respondent that a taxpayer, within the meaning of this statute, is a person owning property in the state, subject to taxation and on which he regularly pays taxes. *State ex rel. Sutton v. Fasse* (Mo. App.), 71 S. W. 745. But conceding such to be the rule, the appellant merely showed that the juror in question was not a taxpayer of Thurston county, and this was not sufficient to disqualify. *State v. Jahns, ante* p. 636, 112 Pac. 747.

The next error assigned is based on the denial of a motion for a nonsuit interposed at the close of the respondent's testimony, on the ground that the second affirmative defense was not denied by reply, and on the further ground that the respondent was guilty of contributory negligence. We have already disposed of the first ground of the motion under the first assignment of error, and the second ground is equally without merit. The obstruction in the street which caused the injury in this case was the wire netting, and unless it could be seen, there was nothing whatever to give notice or warning of its presence. The plank walk leading into the store-room was no barrier, because a foot passenger could readily step over it, as the respondent did in this case, at the outer edge of the walk where the planks were but a few inches high. If the wire netting could not be seen—and there was ample testimony tending to show that it could not—it was a trap for the unwary, and its maintenance was culpable negligence on the part of the city. Whether the respondent had notice of its presence or should have discovered it upon his approach were clearly questions of fact for the jury, under the circum-

stances disclosed by this record. *Sutton v. Snohomish*, 11
Wash. 24, 39 Pac. 273, 48 Am. St. 847; *Mischke v. Seattle*,
26 Wash. 616, 67 Pac. 357.

The next error assigned is based on the claim that the city
had neither actual nor constructive notice of the obstruction
in the street, and on the refusal of certain requests for in-
structions bearing upon that question. The court instructed
the jury, in effect, that if the city permitted an abutting
property owner to obstruct the street it was not relieved from
the obligation to see that the street was kept in a reasonably
safe condition for public travel, "but that its duty was the
same as if such obstruction, if any there be, were being done
under the immediate direction and control of the city or its
officers."

"There are some authorities which hold a municipality re-
sponsible for the negligence of one who, acting under its
license or permission lawfully granted, creates any defect or
obstruction which endangers the safety of persons using the
streets. These cases proceed upon the theory that, being
charged with the care of its streets, it is the duty of the city
to supervise the work permitted to be done and to use suitable
precautions to prevent accidents; and notice of the defect or
obstruction in the street is not necessary, in such case, to
fix the city's liability." 28 Cyc. 1355.

Such is the rule adopted in this state. In *Sutton. v.
Snohomish, supra,* the court said:

"The fact that a permit was granted was notice to the
authorities that the work was in progress, and they were
then charged with the duty of seeing it was properly con-
ducted."

The appellant offered testimony tending to show that the
lamp at the intersection of Fourth street and Columbia street
on the night preceding the trial of this action was identical
with the lamp at the same point on the night of the accident;
that the voltage passing through the arc light system on the
night of the accident was greater than the voltage on the
night preceding the trial; and that on the night preceding

the trial witnesses could readily read newspapers on the side-walk at the place of the accident by the light of the lamp in question. The appellant further offered to prove by an electrical expert the quantity of light in candle power cast on the sidewalk at the place of the accident on a dark and cloudy night. These several offers were rejected, and the ruling of the court is assigned as error. Experiments made out of the presence of the court are competent evidence in a proper case, but before they can be admitted it must appear that they were made under substantially the same conditions as existed at the time of the transaction in question, and the trial court is necessarily vested with a large discretion in determining the preliminary questions of fact upon which their admissibility depends. Jones, Evidence (2d ed.), § 410; *Chicago City R. Co. v. Brecher*, 112 Ill. App. 106; *Chicago & Eastern Ill. R. Co. v. Crose*, 113 Ill. App. 547; *City of Ord v. Nash*, 50 Neb. 335, 69 N. W. 964; *De Loach Mill Mfg. Co. v. Tutweiler Coal, Coke & Iron Co.*, 2 Ga. App. 493, 58 S. E. 790; *Augusta R. & Elec. Co. v. Arthur*, 3 Ga. App. 513, 60 S. E. 213; *Huggard v. Glucose Sugar Refining Co.*, 132 Iowa 724, 109 N. W. 475.

In *City of Ord v. Nash, supra*, the court said:

"Finally, it is argued that the trial court erred in rejecting as evidence the result of certain experiments made a year or more subsequent to the accident. The witnesses named were, according to the offer in the record, on a cloudy night, with the assistance of a light in an adjoining house, similarly situated to one burning at the time of the accident, able to plainly see the footpath and also the surface of the ground, for a radius of several feet from the point where the injury was received. There is, as all agree, some room for the exercise of discretion by the trial court in the receiving and rejecting of evidence of this character, and we are unable to say that there has, in this instance, been an abuse of such discretion. We must not be understood as intimating that it would have been reversible error to receive the evidence offered; but the rejecting of evidence tending to prove that the condition of the premises was, at a subsequent time, dis-

cernible by witnesses whose attention was specially directed
to the subject, and under circumstances in some respect at
least materially different from those surrounding the plaintiff
below at the time of the accident, affords no ground of com-
plaint by the city."

While we are not prepared to say that it would have been
error to admit proof of these experiments, we do not think
that the quantity of light given out by an arc light, at all
times and under all conditions, is so certain and unvarying as
to render the ruling of the court erroneous, or manifest an
abuse of sound judicial discretion.

Error is assigned in the refusal of the court to give cer-
tain instructions on the question of contributory negligence,
and also an instruction defining the duty of the city in re-
gard to placing and maintaining signal lights and beacons,
but we think these questions were fully covered in the general
charge of the court.

It appears from an objection interposed by the appellant,
during the opening argument of counsel for respondent to the
jury, that counsel for respondent was contending that the
court had charged the jury that it was incumbent on the
appellant in all cases to place signal or beacon lights on
barriers or obstructions in the street, and the appellant re-
quested the court to correct counsel and instruct the jury to
the contrary. The court replied that it had already charged
the jury in writing and that the jury would have the in-
structions before them in their room, but refused to further
interfere with the course of the argument. There is nothing
in the record to indicate the nature of the argument made
by counsel for respondent to which exception was taken, aside
from the language of the objection itself, but assuming that
it was such as counsel alleged, we do not think that the failure
of the court to correct counsel or further instruct the jury
was prejudicial error. For, in at least two different places
in its charge, the court defined the duty of the appellant in
that regard, and its language was not susceptible or open

to the construction placed upon it by counsel. Thus the court said: "It is the duty of the city in order to guard and protect the public, by day or by night, to properly guard any obstruction that may be placed upon any sidewalk, being constructed or improved by proper and sufficient signals or other general or special lights *or barriers and warnings to protect travelers from injury.* The law being that the traveler upon a sidewalk has the right to assume that it is safe for him to pass along such sidewalk or highway in the absence of reasonable *barriers,* lights or *warnings* to the contrary." And again, "Unless, as already stated he is cautioned by some *sign* or *notice* that would attract the attention of the ordinary person exercising the usual degree of care, caution and prudence." While we do not think that prejudicial error was committed in the matter complained of, the practice of permitting counsel to misstate or misconstrue the instructions of the court in argument before the jury is not to be approved or commended.

This disposes of all the assignments of error which merit discussion, and finding no reversible error in the record, the judgment is affirmed. The respondent has failed to aid the court in the consideration of this case by brief or otherwise, and the affirmance will therefore be without cost to the city.

DUNBAR, C. J., CHADWICK, CROW, and MORRIS, JJ., concur.