[No. 26399. Department One. December 7, 1936.]

GEORGE A. SHANDROW et al., Respondents, v. THE CITY OF TACOMA, Appellant.[1]

Howard Carothers, Bartlett Rummel, Roberts & Skeel, and Frank Hunter, for appellant.

S. A. Gagliardi, for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause came on for trial before the court and a jury. At the conclusion of the plaintiffs' evidence, the defendant moved for a

[1]Reported in 62 P. (2d) 1090.

nonsuit, which was granted. Thereafter, the plaintiffs moved for a new trial, which was granted as to the defendant, the city of Tacoma. From the order entered granting the new trial and dismissing the action as to the other defendants, the city appealed.

The facts are these: The injury for which recovery was sought was to the respondent Flossie Shandrow, and occurred February 21, 1935, at about nine o'clock p. m., on a detour adjacent to what is referred to as Collins road.

Some years ago, the city constructed a water main, from its source of supply, to carry water to the city and its inhabitants, and this water main, for a part of the distance, was placed in Collins road. This road extends east and west, and the respondents own a ranch or farm adjacent thereto on the south side.

During the latter part of the year 1934, the old water main having gotten into a bad condition, the city desired to replace it, and early in 1935 this undertaking was entered upon. In order to replace the water main in Collins road, it was necessary to close that road for a distance of approximately half a mile. The west end of the closing was approximately at the west line of the respondents' ranch. With the permission of the respondents, the city constructed a detour a short distance south of the road, which was made of three by four inch planks, ten feet long, placed upon stringers. To the east of the detour was a school.

The neighborhood was well inhabited. Over the detour, as constructed, there moved all kinds of traffic, including busses, automobiles, and pedestrians. The children from the west passed over the detour, going to and from school.

On the evening of February 21, Mrs. Shandrow and her daughter, about seven o'clock in the evening, went east over the detour to visit a neighbor who lived

about half a mile away. As they returned at about nine o'clock that evening, and just before they reached the west end of the detour, an automobile entered from that direction, with the lights burning, and, as it approached Mrs. Shandrow and her daughter, the daughter, who was a few feet in advance of her mother, stepped off of the planked road in order that the automobile might pass, and her mother stepped off immediately after her, stepping into what the witnesses say was a hole, three feet in diameter and from two to two and one-half feet in depth, one-half of the hole being under the planking and the other half extending out. It was this fall which caused the injuries for which the action was brought.

In the construction and the operation of its water plant, including the mains serving its inhabitants, the city acts in a proprietary capacity, and is liable for negligence to the same extent as any private corporation engaged in the same business would be. *Aronson v. Everett*, 136 Wash. 312, 239 Pac. 1011.

In constructing the detour, it was the duty of the city to make it reasonably safe for ordinary travel. *Matson v. Pierce County*, 94 Wash. 38, 161 Pac. 846. If the construction was such that there was a defect, such as the hole described, which amounted "to a trap or a snare," the city would be guilty of negligence. 13 R. C. L. 381; *Neidhardt v. Minneapolis*, 112 Minn. 149, 127 N. W. 484, 29 L. R. A. (N. S.) 822.

Mrs. Shandrow testified that the hole was not there prior to the construction of the planked roadway, and, while she had been over the roadway several times during the day, she did not know that it was there. There is other testimony that the hole was not there prior to the construction of the roadway. Under this evidence, it cannot be held, as a matter of law, that Mrs. Shandrow was guilty of contributory negli-

gence. Even if she had known of the hole, the circumstances under which she stepped from the planked roadway were such that she would not be guilty of contributory negligence, as a matter of law, in stepping into the hole in the darkness. *Colquhon v. Hoquiam,* 120 Wash. 391, 207 Pac. 664; *Smith v. Tacoma,* 163 Wash. 626, 1 P. (2d) 870, 75 A. L. R. 1508.

The trial court rightly granted the motion for new trial, because the question of the negligence of the city, as well as that of the contributory negligence of the injured person, were questions of fact for the jury and not of law for the court.

The order will be affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and BLAKE, JJ., concur.