[No. 38425.    Department One.    November 17, 1966.]

MARY MITCHELL, *Respondent,* v. HARRY LANTRY, *Appellant.**

*Paine, Lowe, Coffin, Herman & O'Kelly,* by *Walter R. Rodgers,* for appellant.

*Harold J. Triesch,* for respondent.

OTT, J.—May 11, 1964, Mary Mitchell had parked her automobile in a parallel metered street parking zone in Spokane. As she maneuvered her automobile from its parallel position to enter the main artery of travel, the automobile was struck by one being driven by Harry Lantry, who was traveling in the lane nearest the parked vehicles on a one-way three-lane street. Mary Mitchell commenced this action against Harry Lantry alleging that, as a result of his negligence, she suffered personal injury and property damage in the sum of $10,267.27. Harry Lantry answered the complaint, denied negligence and by cross complaint alleged that as a result of Mary Mitchell's negligence, his automobile was damaged in the sum of $270. The cause was tried to a jury which returned a verdict in favor of Mary Mitchell in the sum of $10,286.77. From

*Reported in 420 P.2d 345.

the judgment entered upon the verdict, Harry Lantry appeals.

Appellant asserts, "The negligence of either party is not an issue in this appeal." Our review is limited to two issues: (1) Did the trial court err in denying appellant's motion for a mistrial; and (2) Is the verdict and judgment in the full amount of the prayer of the complaint excessive.

As to (1), during the respondent's case in chief, one of the witnesses for respondent stated that she had overheard a conversation between appellant and respondent at the time of the accident and that appellant had said, "My insurance company will take care of it." A motion for mistrial predicated upon the witness' reference to insurance was made and argued in the absence of the jury. The motion was denied. The court instructed the jury as follows:

> THE COURT: Ladies and gentlemen of the jury, I call your attention to the testimony of Linda Watts. In response to a question she referred to the statement allegedly made by Mr. Lantry to the effect that "My insurance will take care of it." You will disregard that statement entirely, it's immaterial, it wasn't responsive to any particular question, it was inadvertent, but unless you can disregard that statement completely, as it has no bearing upon the case, we would have to start over. I'm relying upon you to disregard that statement.

The appellant's main contention is that, once the prejudicial statement is made, the court's instruction to the jury to disregard the testimony could not "unscramble an omelet." We do not reach the merits of this contention because appellant testified that he had insurance when he gave the following answer to this question:

> Q. And you are sure that you didn't say something to the effect that, "I'm sorry, it was my fault."? A. No, I did not. I asked her if she had *insurance* and *told her that I had*, and took down the license numbers. I made a note of it. I don't know whether she did or not. I wrote down her license number and her name and address so I could make a report later. (Italics ours.)

When the appellant voluntarily mentioned the matter of insurance in his testimony, he waived any error

which may have resulted from the subject being referred to in respondent's evidence.

■ As to (2), is the judgment excessive? It is one of the functions of the jury, after liability has been established, to fix the amount of the award for personal pain and suffering and general damages. When the award is within the pleadings and the proof, it will not be disturbed in the absence of a showing of a manifest abuse of discretion or the result of passion and prejudice on the part of the jury. *Lyster v. Metzger,* 68 Wn.2d 216, 412 P.2d 340 (1966).

The respondent testified to pain and suffering in her neck and arms and numbness in her hands which persisted from the date of the accident, May 11, 1964, and continued to the date of the trial, March 10, 1965. That she has and does suffer pain was substantiated by both appellant's and respondent's medical testimony. The record before us does not establish that the jury's verdict was the result of passion or prejudice or that the amount of the award manifested an abuse of discretion. The award, however, was in a nominal amount in excess of the pleadings and the proof. In adding the amount of the special damages established by the evidence, the jury erred in its addition of these items in the sum of $19.50. Respondent concedes this to be an obvious error.

The judgment is reduced in the sum of $19.50; in all other respects the judgment is affirmed. Respondent will recover costs.

Rosellini, C. J., Hill and Hale, JJ., and Soule, J. Pro Tem., concur.