[No. 1569-2. Division Two. October 29, 1975.]

KENNETH W. HENDRICKSON, *Appellant*, v. LARRY KONOPASKI, ET AL, *Respondents*.

John Rutz and Richard J. Niichel, for appellant.

L. William Houger and Donald P. Swisher (of Houger, Garvey, Schubert & Barnes), for respondents.

[As amended by order of the Court of Appeals November 13, 1975.]

PEARSON, J.—In this action for personal injuries the jury returned a general verdict for $183,150 in favor of plaintiff, Kenneth W. Hendrickson. Hendrickson was injured when the truck he was driving struck a log which had fallen from a truck driven by defendant, David Treece, and owned by defendants Konopaski. Following post-trial motions, the trial court ordered a $100,000 remittitur or, in the alternative, a new trial. Plaintiff refused to accept the remittitur and appeals the order for a new trial. We reverse and reinstate the jury verdict.

The remittitur was ordered under the authority of RCW 4.76.030. Where the damages are found to be "so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice," this statute authorizes a trial court to grant a new trial unless the party adversely affected consents to an increase or decrease in the verdict.[1] In the present case the trial

---

[1]The following court rule and statute recite the same grounds for a new trial without sanctioning remittiturs or additurs.

CR 59(a):

"The verdict or other decision may be vacated and a new trial granted to all or any of the parties and on all or part of the issues when such issues are clearly and fairly separable and distinct, on the motion of the party aggrieved for any one of the following causes materially affecting the substantial rights of such parties:

". . .

"(5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;"

RCW 4.76.020:

"The former verdict or other decision may be vacated and a new trial granted, on the motion of the party aggrieved, for any of the

court stated three reasons for ordering the remittitur: (1) the evidence was insufficient to support the verdict, which was so excessive as to indicate passion and prejudice; (2) the defendants' insurance coverage was unduly emphasized; and (3) the affidavits of three of the six jurors who considered the case indicated the amount of their award included items for attorney's fees and college expenses which were not supported by the evidence.

The question on appeal is whether these reasons are legally sufficient to sustain the remittitur.

It is frequently stated that a trial court has wide discretion in ruling on a motion for a new trial, and appellate courts are reluctant to set aside an order granting a new trial. *State v. Gobin*, 73 Wn.2d 206, 437 P.2d 389 (1968); *Curtiss v. YMCA*, 82 Wn.2d 455, 511 P.2d 991 (1973). This statement, however, does not apply where a new trial is ordered on the basis of questions of law as distinguished from controverted questions of fact. *State v. Gobin, supra*; *Curtiss v. YMCA, supra*; *see James v. Robeck*, 79 Wn.2d 864, 490 P.2d 878 (1971).

The latter of the grounds stated above, namely the interjection of insurance into the case and the asserted juror misconduct, raises questions of law which must be considered without reference to the trial court's discretion. We first consider these asserted errors.

Plaintiff's counsel on voir dire asked the first two prospective jurors whether or not they had any connection with any insurance company. Juror number one responded that her son-in-law was in the life and car insurance business 8 years before. Juror number two responded negatively. No objection was made to these questions, and plaintiff's counsel did not pursue the subject any further. On facts quite similar to these, the Supreme Court, in a 5-to-4

---

following causes materially affecting the substantial rights of such party:

" . . .

"(5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;"

decision, held this was not the type of deliberate misconduct of counsel which would warrant a mistrial or necessitate a new trial. *Popoff v. Mott*, 14 Wn.2d 1, 126 P.2d 597 (1942).

 But we need not rely upon *Popoff v. Mott, supra,* for our decision. The error was clearly waived. No objections were made to the questions.[2] No motion for mistrial was made. Rather, defense counsel asked five prospective jurors if it would make any difference in their decision if defendants were insured, and acknowledged to one of them that defendants were insured. In final argument defense counsel stated he represented defendants' insurance company. We hold on these facts defendants waived the right to claim any undue emphasis on insurance prevented them from receiving a fair trial.[3] *See Mitchell v. Lantry*, 69 Wn.2d 796, 420 P.2d 345 (1966).

The second asserted error of law concerns the trial court's consideration of post-trial affidavits of three jurors in which the jurors itemized specific sums which they allowed in arriving at the total verdict. Two of those sums, namely, $16,150 for attorney's fees and $52,000 for college expenses and family support, had no support in the evidence.

 We do not think these affidavits should have been considered, as their substance pertains to matters which inhere in the verdict. As a general rule, juror affidavits which state facts and circumstances of juror misconduct are admissible to challenge a verdict. *Gardner v. Malone*, 60 Wn.2d 836, 376 P.2d 651 (1962). However, those affidavits which purport to divulge what considerations entered into a juror's deliberation or controlled his action in arriving at the verdict are inadmissible to impeach the verdict. *Coleman v. George*, 62 Wn.2d 840, 384 P.2d 871 (1963).

While the distinction between acceptable and unaccepta-

---

[2]Respondent's counsel on appeal was not the trial counsel in this action.

[3]The trial court instructed the jury to disregard the question of insurance and refrain from discussing it in their deliberations.

ble verdict impeachment by juror affidavit is often obscure, the rule is clear that any attempt to probe a juror's mental process to determine what specific items the juror considered in arriving at a general verdict falls within the prohibited category and may not be considered. *Russell v. Grandview*, 39 Wn.2d 551, 236 P.2d 1061 (1951); *Gardner v. Malone, supra*; *Cox v. Charles Wright Academy, Inc.*, 70 Wn.2d 173, 422 P.2d 515 (1967). The rationale for this rule is simple. To allow this type of impeachment would render suspect every verdict where damages are awarded and would destroy any idea of finality which is essential to our judicial system. *Cox v. Charles Wright Academy, Inc., supra.*

We turn finally to the size of the verdict. To warrant a remittitur or new trial on the basis of the amount of the verdict, the verdict must be so excessive as to unmistakably indicate it resulted from passion or prejudice. RCW 4.76.030. We acknowledge much confusion in the cases concerning the standard of appellate review where a trial judge takes some action believed necessary to prevent an injustice because of the size of a jury verdict. This confusion is most apparent in those cases where no specific errors of law are present. *See* Trautman, *New Trials for Failure of Substantial Justice*, 37 Wash. L. Rev. 367 (1962). It stems largely from disagreement among appellate court judges as to amount of discretion a trial judge may exercise when a jury has considered a case on proper evidence, proper instruction on the law, and proper argument of counsel, but where its verdict appears excessive or inadequate to the trial judge.

We find it impossible to reconcile all the decisions and statements of the Supreme Court pertaining to an abuse of discretion standard of review on the one hand (*Curtiss v. YMCA, supra*) and de novo review on the other (*Ma v. Russell*, 71 Wn.2d 657, 430 P.2d 518 (1967)). It appears to us, however, that where a trial court has proceeded under RCW 4.76.030, and has either reduced or increased a verdict, de novo review of the evidence becomes

the standard of appellate review and the trial court has no discretion where the verdict is "within the range" of the credible evidence. *James v. Robeck, supra.* But, where the trial court has simply granted a new trial under the authority of CR 59(a)(5) on grounds of an excessive or inadequate verdict, an abuse of discretion standard of appellate review is used in recognition of some discretion in the trial court. *Curtiss v. YMCA, supra.*

This distinction is perhaps proper because both a remittitur and additur involve a greater invasion of the jury realm than does the simple grant of a new trial. We also suggest that RCW 4.76.030 creates a presumption favoring a jury verdict and mentions de novo review by the appellate court under certain circumstances. In contradistinction, CR 59 speaks more in language of discretion than does the statute. Whatever the real merit of this distinction, it is clear the function of the appellate court has been similar whether the statute or the court rule has been used as the basis of the trial court's decision. In both types of cases the appellate courts have reviewed the evidence to determine whether sufficient credible evidence existed, whether or not conflicting or disputed, which would factually support a verdict of the size rendered. *See James v. Robeck, supra; Cox v. Charles Wright Academy, Inc., supra; Duchsherer v. Northern Pac. Ry,* 4 Wn. App. 291, 481 P.2d 929 (1971) (which involve RCW 4.76.030); and *Coleman v. George, supra,* and *Curtiss v. YMCA, supra* (which involve CR 59(a)(5)). We therefore review the evidence pertaining to plaintiff's injuries on a de novo review basis to determine whether the evidence favorable to him supports the verdict rendered.

Except for the two asserted errors discussed above, respondents do not contend the jury was allowed to consider improperly admitted evidence, or that improper instructions on the law were given, or that improper or inflammatory arguments were made by plaintiff. While the verdict was not directed in plaintiff's favor, it is apparent that factually he was free from fault and defendants were culp-

able in allowing the log to fall from the truck.

With respect to his damages, there is no dispute the plaintiff, who was 24 years old at the time of the accident, received a painful, permanent, and disabling injury to his spine which precluded him from ever engaging in his chosen field as a log truck driver, the only employment he had ever had. He had no schooling beyond high school. Testimony disclosed he had led a very physically active life, which included weightlifting, hunting, fishing, motorcycle riding, and physical exercises with his children. The doctors agreed that physical activities of this kind would exacerbate the pain in his spine, which could be minimized if he led a sedentary life.

There was testimony from which the jury might reasonably conclude plaintiff had lost in excess of $20,000 in earnings to the time of trial. There was testimony from which the jury could determine that his future earning ability was permanently impaired in an amount exceeding the entire amount of the verdict rendered. The verdict also could properly reflect $6,500 of medical and wage payments made to plaintiff by the Department of Labor and Industries. Plaintiff was still receiving medical treatment at the time of trial and had the prospect of indefinitely requiring intermittent treatments consisting of physical therapy and medication for pain. His pain would continue indefinitely and would be exacerbated by almost any physical activity—even a cough or a sneeze.

We have presented the evidence most favorable to plaintiff because the jury had a right to believe that version. We are of the opinion the trial court erroneously disregarded this evidence and in this respect substituted its judgment for that of the jury. We conclude the verdict was not excessive to the degree of pointing unmistakably to passion or prejudice.

The order is reversed and the verdict of the jury reinstated.

PETRIE, C.J., and REED, J., concur.