[No. 3187.  Decided April 18, 1899.]

KATE DEVENISH, *Respondent,* v. CITY OF SPOKANE, *Appellant.*

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — CONSTRUCTIVE NOTICE — INSTRUCTIONS.

In an action against a city for injuries occasioned by a defective sidewalk, the province of the jury as to questions of fact is not invaded by an instruction charging them that, if the sidewalk had been in a dangerous condition "anywhere from one to four months" before the time of the injury, it was not necessary that actual notice to the city be shown, when it appears from the instruction as a whole that it was intended merely to submit to the jury the question of the city's constructive notice, and not to fix a period of time which would constitute constructive notice.

Appeal from Superior Court, Spokane County.—Hon. JOHN B. DAVIDSON, Judge.  Affirmed.

*A. G. Avery* and *F. M. Dudley,* for appellant:

Whatever different opinions the different courts may hold as to the degree of care necessary for a city to exercise in looking after its sidewalks, none require a minute examination of a board, in a well-built sidewalk, that has to be stepped upon in a certain manner in order to make the defect known.  It was latent, so far as the city was concerned, and that is the reason it was not remedied. *Cook v. City of Anamosa,* 23 N. W. 907; *Goodnough v. City of Oshkosh,* 24 Wis. 549 (1 Am. St. Rep. 202); *McGrail v. City of Kalamazoo,* 53 N. W. 955; *Tice v. Bay City,* 47 N. W. 1062; *Beekman v. Mayor,* 41 N. Y. Supp. 990; *Lohr v. Borough of Philipsburg,* 30 Atl. 822; *Snyder v. City of Albion,* 71 N. W. 475.

It is for the jury to say, under all the circumstances of the case, when the defect is open and apparent, what length of time the defect must have existed to charge the city

with constructive notice of its existence. *Decatur v. Besten,* 48 N. E. 186; *Sheel v. Appleton,* 5 N. W. 27; *Austin v. Colgate,* 27 S. W. 896; *Scoville v. Salt Lake City,* 39 Pac. 481. If the court had instructed the jury that, in the event they found that the defect had existed only twenty-nine days, they should find that the city had no notice, unquestionably it would have been error, because it is for the jury, not the court, to fix the time from which to assume notice. For the same reason the court had no right to charge the jury in effect (as was done here) that, if they found that the defect had existed thirty-two days, they must assume that the city had notice.

*Mount & Merritt,* for respondent:

The question of notice was submitted to the jury by the instruction upon the issue, and they found that there was constructive notice to the city. The court did not by this instruction invade the province of the jury, by saying that the evidence in the case showed notice, but left the question of fact as to notice to the jury. We submit that this instruction left for the jury to find whether or not there was actual notice, or whether there was constructive notice. The jury, under the evidence, might find that there was no actual notice, but they had a right to take into consideration all the circumstances surrounding the condition of the walk, the travel over it, its location with reference to the travel, and determine from all the circumstances whether the city should have had notice of it or not. We contend that whether this state of affairs existed one day, or one month or more, was a question to be considered by the jury, in order to determine whether, under the circumstances, the city was negligent. *McQuillan v. Seattle,* 13 Wash. 600; *Sioux City & P. R. R. Co. v. Stout,* 17 Wall. 657 (21 L. ed. 745); *Naylor v. Mountain Stone Co.,* 35

Pac. 509; 2 Dillon, Municipal Corporations (4th ed.) § 1026.

The undisputed evidence in the case shows that the sidewalk was out of repair from one to four months. As a matter of law, where there is no contradiction as to the length of time, the question as to the reasonableness of that time becomes one for the court. *Gregg v. Beane,* 69 Vt. 22; *Martin-Barris Co. v. Jackson,* 48 N. Y. Supp. 586; *Leonard v. Olson,* 99 Iowa, 162 (61 Am. St. Rep. 230, 35 L. R. A. 381); *La Porte v. Wells, Fargo & Co.'s Express Co.,* 48 N. Y. Supp. 292; *Wiggans v. Burkham,* 10 Wall. 129 (19 L. ed. 884).

The opinion of the court was delivered by

REAVIS, J.—Respondent recovered judgment for damages for injury to her person occasioned by a defective sidewalk on Pine street in the city of Spokane. The defect was a broken board. The respondent, in company with two other ladies, was walking over the sidewalk on the 12th of July, 1897, and one of her companions stepped on a broken plank in such a way as to cause the broken plank to rise and trip her, causing her to fall, from which she was injured. There seems to be no discussion here over the amount of the damages awarded for the injuries. There is substantial testimony to sustain respondent's complaint. The following instruction by the court is assigned as error:

" Upon the question of notice to the city, the court instructs you that if you find from the evidence that the sidewalk in question on Pine street was in a dangerous condition at the time of the injury complained of, and had been in that condition anywhere from one to four months before that time, then I instruct you that it is not necessary that actual notice to the city be shown; constructive notice is sufficient. If such condition was in existence for such a length of time that the city authori-

ties, by the exercise of ordinary diligence, would have discovered it in time to prevent the accident, the city can not escape liability for want of notice. Under such circumstances, the law imputes notice to the city. Failure to discover and remedy a dangerous defect in a public sidewalk or street, within a reasonable time, is itself negligence."

The instruction submitted to the jury the question of constructive notice. The court seemed to assume that, if the broken plank had existed in the sidewalk for from one to four months before the injury, it was not necessary to show actual notice to the appellant city of such defect; that is, that constructive notice was then sufficient. With this meaning attached to the instruction, it was not erroneous.

In *Lorence v. Ellensburg,* 13 Wash. 341 (43 Pac. 20, 52 Am. St. Rep. 42), it was observed:

" Counsel insists that there is no proof showing that appellant had notice of the defective condition of the sidewalk. There was evidence tending to show that the walk had remained in the defective condition already described for three or four months preceding the time of the injury. Actual notice was not necessary; constructive notice is sufficient."

The court there quotes the following from *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48 Am. St. Rep. 847):

" If this dangerous hole   .   .   .   was in existence for such a length of time that the city authorities, by the exercise of ordinary vigilance, would have discovered it in time to prevent the accident, the city cannot escape liability for want of notice. Under such circumstances the law imputes notice. Failure to discover and remedy a dangerous defect in a public street within a reasonable time is itself negligence."

Special findings, at the request of the appellant, were made by the jury as follows:

" 1.   Was there any defect in the sidewalk on Pine street where it is claimed the plaintiff sustained the injuries which caused such injuries?   If so, what was the defect?

Answer.   Yes, a broken board.

1. (a)   Was such defect obvious?

Answer.   Yes.

1. (b)   How many sidewalk boards were broken, if any, at the place of accident?

Answer.   One.

1. (c)   How many breaks were in the board which tripped plaintiff, if she was tripped, and where were they?

Answer.   One.   Between the outside and middle stringer.

2.   If you find there was any defect in the sidewalk where plaintiff was injured and which caused such injuries, how long had such defect in the walk existed before the happening of the accident to the plaintiff?

Answer.   One month or more.

4.   If you find that the accident to the plaintiff was caused by a broken board in the sidewalk tipping up, state how long prior to the happening of the accident said board was broken.

Answer.   One month or more."

There was testimony tending to support these special findings.   Thus, the question of implied notice was properly submitted to the jury.   The instructions contain no reversible error.   The verdict of the jury is conclusive, and it is not deemed profitable to review other and minor objections made by appellant.

The judgment is affirmed.

GORDON, C. J., and ANDERS, FULLERTON and DUNBAR, JJ., concur.