[No. 4104.    Decided July 5, 1902.]

FREDERICK NOLL, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

MUNICIPAL CORPORATIONS — EXCAVATIONS IN STREETS — NOTICE TO CITY.

In an action against a city to recover damages for injuries received from falling into an excavation in a public street, the defendant is not entitled to a non-suit on the ground of want of notice of the unguarded condition of the excavation, when the evidence shows defendant gave permission that excavation be made, that it was in a much-traveled street, and that it remained uncovered and unguarded for several days just preceding the accident.

SAME — INJURIES TO PEDESTRIAN — CONTRIBUTORY NEGLIGENCE.

The question of plaintiff's contributory negligence in falling into an excavation in a public street was one for the jury, where the evidence showed that he had engaged in a brawl some two blocks from the excavation, and, in running away from the persons with whom he had the encounter, had run into the front and out of the rear door of a saloon, through an alley onto the street and into the excavation, since the manner of his getting onto the street and his rate of speed were facts proper for the consideration of the jury.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

*W. E. Humphrey* and *Edward Von Tobel,* for appellant.

*Frederick R. Burch,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action to recover damages for personal injuries. It appears that defendant had given permission to a property owner who was operating a laundry to uncover or make an excavation in Main street. Such excavation was made, and, while without barriers or cover around it, the plaintiff fell into it, and sustained the injuries complained of. When the plaintiff's testimony was concluded, a motion for non-suit was made by defendant. Two grounds for non-suit were urged: (1) That the city had no notice of the unguarded condition of the excavation at the time the accident occurred; and (2) that the plaintiff was guilty of contributory negligence.

Relative to the first ground it may be said the evidence on the part of plaintiff tended to show that the excavation had been uncovered for several days, and was at times unguarded; that there was no sufficient light to show the excavation; and that when plaintiff was injured there were no barriers for protection of any sort around the exca-

vation. It will also be noted that the city had given permission for the street to be uncovered and the excavation to be made. This permission, taken in connection with the other evidence that the excavation was in a public and much-traveled street, was sufficient for the jury to infer knowledge on the part of the city of the negligent condition in which the excavation was left. For a pertinent discussion of the knowledge imputed to defendant, see *Beall v. Seattle,* 28 Wash. 593 (69 Pac. 12).

Relative to contributory negligence, the evidence showed that plaintiff had engaged in a brawl some two blocks from the place of the accident, and ran away rapidly from the persons with whom the difficulty occurred, and in his course ran into the front and out of the rear door of a saloon, and through an alley onto the Main street, and into the excavation. The manner in which he got onto the street, and the rate of speed at which he was going, were facts to be submitted to the jury.

No error of law appearing on the record, the judgment is affirmed.

ANDERS, HADLEY, FULLERTON, MOUNT, DUNBAR and WHITE, JJ., concur.