[No. 4380. Decided December 16, 1902.]

JAMES RANDALL, *Respondent,* v. CITY OF HOQUIAM, *Appellant.*

NEGLIGENCE — PLEADING — NEGATIVING CONTRIBUTORY NEGLIGENCE.

The complaint in an action for negligence is not demurrable for failure to negative contributory negligence on the part of plaintiff, as that is always matter of defense.

MUNICIPAL CORPORATIONS — DEFECTIVE STREET — NOTICE TO CITY — ALLEGATIONS OF COMPLAINT.

In an action against a city for injuries received on account of a defective street, the complaint sufficiently alleges notice to the city of the defect, when it charges that the condition of the street had existed for considerable time and was well known to the city.

SAME — ADMISSION OF EVIDENCE — HARMLESS ERROR.

In such an action, it was not prejudicial error to permit plaintiff to be asked if he made any search for lights after the injury, to which his answer was that he did not.

SAME — EVIDENCE — CONDITION OF STREET PRIOR TO ACCIDENT.

Evidence is admissible of the defective condition of a street where an accident occurred, both at the time of the accident and prior thereto, since such evidence raises an implication of notice to the city.

SAME.          .

For the same reason, questions to the street commissioner as to the condition of the street are pertinent.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge.    Affirmed.

*F. L. Morgan (Sidney Moor Heath,* of counsel), for appellant.

*W. H. Abel,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action for personal injuries.    The material allegations of the complaint are:

"That at all the times herein mentioned 8th street has been, and still is, one of the public streets and thoroughfares situate within the said city of Hoquiam, and generally used by the public as such street, and at all said times it was and is the duty of the said defendant to keep said 8th street in good repair and in a reasonably safe condition for travel.

"That on or about November 5, 1901, that part of 8th street commencing at the railroad track near the public bridge crossing the Hoquiam River, and extending westerly for a distance of one block, was in an unsafe, defective, and dangerous condition, in this, to-wit: that at said time the northerly side of said street immediately edging the sidewalk extending along the north side of said street had the planking of said street removed, and a large ditch or

excavation, several feet in depth, extended along the north side of said street, adjoining said sidewalk; that said condition had existed for a considerable period of time prior to said date, and said condition was well known to the defendant, its officers and agents; that said ditch or excavation at said time and prior thereto had been by the said city left exposed, unfenced, and unlighted, so that at night any person desiring to cross the said 8th street was necessarily in great danger of falling into said excavation or ditch and receiving injuries thereby.

"That on or about the said 5th day of November, 1901, in the night time of said day, the plaintiff desiring to cross said 8th street, from the north side thereof in said block, and being wholly unaware of the unsafe, defective, and dangerous condition thereof, and having no knowledge nor notice thereof, nor of said excavation or ditch, and said excavation or ditch being then and there unfenced and unprotected in any way, and there being then and there no light nor any warning whatsoever whereby to warn the public of the existence of said excavation or ditch, and plaintiff being wholly unaware of danger, without fault or negligence on his part, in crossing said street about the middle of said block, was precipitated into said hole, and stumbled and fell therein, so that he then and there received serious bodily injuries."

Upon trial a verdict was returned in favor of plaintiff for $683.33 1-3 damages.

The first error assigned is overruling the general demurrer to the complaint. The objection urged on argument to the complaint is that it did not allege due caution while crossing the street, and it is claimed that such allegation is necessary where a crossing is made otherwise than at the intersection of the street or at regular crossings. In answer to this it may be observed that contributory negligence, as well as the assumption of risk on the part of plaintiff, need not be negatived in the complaint, as they are matters of defense, under frequent de-

cisions of this court,    But it seems that the complaint, in paragraph 4, does allege that plaintiff was "without fault or negligence on his part."

Another objection is that there is no allegation "of notice or excuse for notice to the city, or any facts showing notice to the city." Paragraph 3 charges that the condition in the street had existed for considerable time, and that it was well known to the city. See *Noll v. Seattle,* 29 Wash. 28 (69 Pac. 382); *Beall v. Seattle,* 28 Wash. 593 (69 Pac. 12).

Some objections were made to testimony on the part of plaintiff. He was asked if after the injury he made any search for lights, and answered he did not. No prejudice is perceptible here. Another of plaintiff's witnesses was asked the condition of the street on the block where the accident occurred, at the date thereof and prior thereto. The answer was sufficiently confined to the time. A defective condition of the street, shown under these conditions, would be some implication of notice to the city. *Laurie v. Ballard,* 25 Wash. 127 (64 Pac. 906).

The questions to the street commissioner were pertinent for the same reason. *Saylor v. Montesano,* 11 Wash. 328 (39 Pac. 653).

Referring to the motion by defendant for nonsuit and for an instructed verdict in favor of defendant, it may be observed the evidence is fairly conflicting, and the case was properly submitted to the jury.

Judgment affirmed.

Dunbar, Mount and Anders, JJ., concur.