[No. 5122.   Decided December 22, 1904.]

MARK McCLAMMY et al., Respondents, v. CITY OF SPOKANE, Appellant.[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE—PLEADINGS—EVIDENCE—VARIANCE—PERMIT TO REPAIR WALK. In an action for personal injuries sustained in a fall through a trap door in the sidewalk, in which the city is alleged to have granted a permit to repair the sidewalk and trap door, it is not a variance to prove a permit to construct a brick walk at the same place.

SAME—LIABILITY OF CITY—NEGLIGENCE OF PRIVATE CONTRACTOR. Where a city grants a permit to repair a sidewalk, it is charged with notice of the work and with the duty to see that the work is properly conducted.

SAME—DEFECTIVE SIDEWALK — EVIDENCE — SUFFICIENCY—QUESTION FOR JURY. In an action for personal injuries sustained in a fall through a trap door in a sidewalk, the questions of the neg-

[1]Reported in 78 Pac. 912.

ligence of the city, and the contributory negligence of the plain-
tiff, are for the jury where it appears that the city granted a
permit for a new walk in front of a lodging house, that it was
necessary to cross the trap door to enter the house, that, while
the repairs were in progress, and the trap door appeared as it
always had, and there was no barrier, it gave way with plaintiff,
she having but recently crossed it, and having been informed by
the man in charge of the work that it was safe; and the fact
that the plaintiff could have gained access to the building by a
back stairway, which was old and unsafe, does not alter the case.

Appeal from an order of the superior court for Spo-
kane county, Belt, J., entered December 31, 1903, grant-
ing a new trial, after having sustained a challenge to
plaintiff's evidence and discharged the jury, in an action
for personal injuries sustained in a fall through a trap
door in the sidewalk.    Affirmed.

*John P. Judson, A. H. Kenyon,* and *A. G. Avery,* for
appellant.

*Roche & Onstine* and *E. H. Sullivan,* for respondents.

HADLEY, J.—This suit was brought by the respondents,
who are husband and wife, against the appellant, to re-
cover damages for injuries received by respondent Etta
McClammy from falling through a trap door opening upon
a sidewalk.   The owner of the adjoining property, R. W.
Mott, was made a party defendant, but he was not served
with summons, and did not appear in the action.

The complaint, briefly stated, alleges, that the part of
the sidewalk in front of the building known as the Mott
block, on Main avenue, in the city of Spokane, is one
of the principal traveled sidewalks in said city; that
on or about the 17th day of October, 1902, and for
some time prior thereto, the defendants negligently per-
mitted said sidewalk, and a large trap door therein, to
become out of repair and dangerous; that theretofore, on

or about the 7th day of October, 1902, the defendant city gave to said Mott written permission to repair the sidewalk and trap door, and that, in pursuance thereof, some of the boards of the sidewalk were torn up, and that the trap door was thereby rendered more dangerous; that no guards were placed there, and no notice of any kind was given to the public of said dangerous condition; that, on the date first above mentioned, the injured respondent was traveling upon the sidewalk, going to her residence in the said Mott block, and as she came directly in front of the entrance to said building, upon said trap door, the latter gave way, whereby she was thrown to the bottom of a basement stairway, and seriously injured.

The answer consists of general denials, and affirmative allegations of fact which are claimed to amount to contributory negligence. The cause was tried before the court and a jury. At the conclusion of the evidence, the city challenged the sufficiency thereof to authorize a verdict in favor of respondents. The challenge was granted, and the jury discharged. Respondent then moved for a new trial, which was granted, for the reason, as stated in the order upon the motion for new trial, "that the city's liability, and the question of contributory negligence, should have been submitted to the jury." The city has appealed from the order granting a new trial.

Appellant urges that the evidence does not sustain the averment that the city granted a permit to repair the sidewalk and trap door, but that it was a permit to construct a brick sidewalk. Such is the wording of the permit, but the place for the brick walk to be constructed was described in the permit, and it was at the same place where the board walk and trap door then existed. It seems to us that no material distinction should

be drawn between the allegations of the complaint and the language of the permit, so far as appellant's relations to the circumstances were concerned. Either the building of a brick sidewalk there, or the repair of the board one, which was alleged to be old and rotten, involved a tearing up of material and a change of conditions, rendering the place more or less dangerous to the traveling public. It is of such change of conditions, and lack of protection therefrom, that respondents complain, and we think the evidence as to the permit in its material effect supports the averments of the complaint.

The city was chargeable with notice of the conditions. The permit says that the work shall be done "under the supervision and direction of the city engineer." Thus, while it is true the property owner was doing the work through his own contractor, yet he was under the immediate supervision and direction of an officer of the city. The time limit for doing the work was fixed in the permit at fifteen days, and the fact that the permit was granted became notice to the city that the work was in progress, and charged it with the duty of seeing that it was properly conducted.

"The duty to properly guard the excavations, although it was a public work and carried on by independent contractors, rested primarily upon the city. This duty it could not delegate so as to escape liability for its nonperformance as against any person lawfully traveling upon the street." *Drake v. Seattle,* 30 Wash. 81, 70 Pac. 231.

See, also, *Noll v. Seattle,* 30 Wash. 28, 69 Pac. 382; *Beall v. Seattle,* 28 Wash. 593, 69 Pac. 12.

"The city cannot escape responsibility upon the theory that the unsafe condition of the walk was brought about by the act of the owner of the abutting property. If from the evidence the jury might properly have found that the

authorities had either actual or constructive notice of such unsafe condition, and failed thereafter within a reasonable time to make, or cause it to be made, safe, its responsibility to the public and to the plaintiff is in no way lessened or affected by the fact that it had, prior to the accident, granted a permit to the owner to make the excavation. Under any and all circumstances it is liable for such injuries arising from defects in public walks as the exercise of ordinary care upon the part of its authorities would prevent, . . . ." *Sproul v. Seattle,* 17 Wash. 256, 49 Pac. 489.

The duty of the city in the premises is, therefore, plain. The question here, however, is: Was the evidence such that it was for the court to decide, as a matter of law, that the city had discharged its duty? There is dispute as to whether any or sufficient barriers were placed across this sidewalk, at the ends of the strip being improved, by way of notice to the public that it was unsafe. In any event, there does not appear to have been any barrier against going upon the trap door, which it was necessary to cross in order to reach the front entrance to the building where respondent resided. Persons had hitherto, and up to this time, passed into and out of the building over this door. The respondent had herself passed out over it but a few minutes before. The evidence conflicts as to how much of the board walk was torn up at that time, and as to whether it was removed up near to the trap door on both sides. The respondent was asked as to the appearance of the trap door when she went out, and replied: "The same as it always had. I did not see any difference in it whatever." As to what occurred a few minutes later, when respondent returned, she testified as follows: "When I came back, why, there was a lady coming out, and she just went across, and there was two men standing there, Mr. Dyee

and Mr. Green, and Mr. Green put out his hand and said: 'Is that safe?' Mr. Dyee said: 'Oh, yes, go ahead.' Then I went to step up to the main entrance, and I fell." The Mr. Dyee mentioned was in charge of that work. Under these circumstances, we think it was not for the court to say, as a matter of law, that no negligence appeared on the part of the city, but that was a fact for the jury to determine.

The question of contributory negligence was also for the jury. Under the circumstances already detailed, there is room in the minds of reasonable men for difference of opinion upon that subject, and it should not be said, as a matter of law, that respondent negligently contributed to her own injury. In this connection appellant also urges the additional circumstance that there was a back stairway, of which respondent knew, and by which she could have gained access to the building in which she resided. That fact, however, does not necessarily establish contributory negligence. The stairway was an outside one, and there was much evidence to the effect that it was old and rickety, and unsafe. These questions of negligence, under the evidence disclosed in the record, were for the jury, and the court did not err in granting the new trial.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.