(No. 5627. Decided August 7, 1905.)

ANNIE L. McKNIGHT et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

JURORS — CHALLENGE — QUALIFICATIONS — FREEHOLDERS — PRESUMPTIONS. It is not error to refuse to sustain a challenge to a juror because he is not a householder, since he is competent, under Laws 1901, p. 32, if he is a freeholder, which qualification will be presumed in aid of the judgment, unless the contrary affirmatively appears.

MUNICIPAL CORPORATIONS—NEGLIGENCE—STREETS—DEFECT IN SIDEWALK—NOTICE—GENERAL WANT OF REPAIR. In an action for personal injuries sustained through a defective sidewalk, there was sufficient evidence of notice of the defect, where it appeared that the walk had been for a long time in a defective and dangerous condition, that the planks were decayed and liable to break, and that the city had made no effort to repair it, although it may have had no knowledge of the actual break in time to repair it.

APPEAL—REVIEW—INSTRUCTIONS—ERROR CURED. It is not error to refuse a requested instruction that is substantially given in the general charge.

MUNICIPAL CORPORATIONS — NEGLIGENCE — STREETS — LIABILITY FOR DEFECTS IN WALK NOT BUILT BY CITY. A city is liable for personal injuries caused by the defective condition of a sidewalk in a public street, open to the use of the public, although the walk was built by private parties.

1Reported in 81 Pac. 998.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 5, 1905, upon the verdict of a jury rendered in favor of the plaintiffs, for personal injuries sustained through a fall on a defective sidewalk. Affirmed.

*Wm. Parmerlee (Scott Calhoun, of counsel), for appellant.*
*P. V. Davis and Rossman & Johnson, for respondents.*

FULLERTON, J.—The respondent Annie L. McKnight, while walking upon a cross-walk, on one of the public streets of the appellant city, stepped upon a defective plank therein, which gave way, throwing her down and seriously injuring her. This action was brought to recover damages for the injuries so received. The respondents were successful in the court below, and from the judgment entered in their favor the city appeals.

It is first assigned that the court erred in refusing to sustain a challenge, interposed by the city, to juror Rosenthal. This juror, while being examined touching his qualifications, in response to a question put to him by the city's attorney, stated that he was not a householder of the county of King, and was challenged for cause on that ground. In support of the contention that a person, to be qualified to sit as a juror, must be a householder, counsel cite § 2 of the act of March 19, 1895, which provides for the manner of drawing and certifying lists of grand and petit juries, in counties from the eighth to the twenty-ninth classes, inclusive. Laws 1895, p. 139. But this section was carried forward by Mr. Ballinger, and placed in his code as § 4741, and as such was amended by the act of February 18, 1901 (Laws 1901, p. 32), so as to make the phrase which formerly read "who shall be householders," read "who shall be householders or freeholders." If, therefore, it be the rule that this statute has application to the qualification of jurors in counties of the class of the county of King, a question

we do not decide, this juror was not disqualified merely because he was not a householder; as a freeholder is a quali-. fied juror, whether he is a householder or not. It is true that the record does not show, affirmatively, that the juror was a freeholder, but this does not affect the judgment. After judgment it will be presumed that a juror had the necessary qualifications, unless the contrary affirmatively appears in the record.

The respondents alleged in their complaint that the cross-walk, on which the injury occurred, was in a "broken, de-cayed, and dangerous condition," and had been suffered to remain so by the city authorities, after they knew, or ought to have known, of its condition. On the trial the evidence failed to show for what length of time the break in the board had existed, and the city requested the court to charge the jury to the effect that, if they found from the evidence that the cause of the respondent's injury was the broken board, then they must find for the appellant, because there was no evidence of actual notice to the city authorities of the broken condition of the board, nor any evidence from which constructive notice on their part could be inferred. This request was refused, and error is assigned thereon.

But we think no error was committed in refusing this request. The respondents were not required to prove the case precisely as they alleged it. The gist of this part of the case was the defective condition of the walk, not the particular manner in which it was defective. If it were true that the board was not broken at all prior to the injury, but broke under the respondent's weight, as she passed over it, she could recover, under the allegations of her complaint, provided, of course, that she could show that the board was so far decayed as to be likely to break under the weight of a person, and that the city authorities had knowledge, either actual or constructive, of its condition. Here there was evidence, sufficient to go to the jury, to the effect that this walk had been for a long time in a defective and

dangerous condition, that the planks out of which it was composed were decayed and liable to break, and that no effort was made by the city to put it in repair. If it be true, therefore, that the break in the board was the immediate cause of the injury, it is equally true that the break was the result of the general defective condition of the walk, and the city is liable, if it had knowledge of the defective condition which caused the board to break, even though it may not have known of the actual break in time to repair it.

The second instruction requested was given substantially in the general charge of the court — perhaps not in language as explicit as that contained in the request, but we think the jury must have understood it in the same manner they would have understood the requested instruction.

Lastly, it is said that the evidence was insufficient to justify the verdict. The walk was not built by the city, but by private parties, and it is claimed that there was no sufficient evidence to the effect that the city had accepted it as a part of the highway. But this street was a public street of the appellant city, opened to the use of the public, and the city was bound to keep it in a reasonably safe condition for use by the public. If this sidewalk rendered the street unsafe, it was the duty of the city to remove it or repair it, and its duty in this regard is not affected by the fact that it may not have constructed the walk. On the question whether the city had been negligent in this respect, there was evidence sufficient to go to the jury, and this court cannot, without usurping its authority, set aside their findings thereon.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, CROW, and ROOT, JJ., concur.