[No. 11755.  Department Two.  June 6, 1914.]

WALLACE F. CHASE, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—CONTRIBUTORY NEGLIGENCE. The driver of a team is guilty of contributory negligence, as a matter of law, in making a turn so short that the rear wheel of his wagon fell into an excavation for a sewer, where he had just been over the same route and made the turn in safety, the obstructions were in plain view, it was broad daylight, and that portion of the road was closed to travel.

SAME — NEGLIGENCE OF CITY — EVIDENCE — SUFFICIENCY. Negligence on the part of a city is not shown in allowing obstructions in part of a street that was in the course of repair and not open for travel, where the defects were open and apparent and a way was left open which was reasonably safe.

SAME—NOTICE OF DEFECT. Where, in improving a street, earth had been filled around a catch basin to the common level the day before, and it rained on the night preceding the accident, causing the earth to settle, so that the defect had existed but a few hours, the city is not liable for injuries thereby sustained by a traveler, in the absence of actual notice of the defect; since there was no constructive notice.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 24, 1913, in favor of the

[1]Reported in 141 Pac. 180.

defendant notwithstanding the verdict of a jury in favor of the plaintiff, in an action for personal injuries sustained through defects in a street. Affirmed.

*Tucker & Hyland*, for appellant.

*James E. Bradford* and *Melvin S. Good*, for respondent.

FULLERTON, J.—The appellant brought this action against the city of Seattle to recover for personal injuries. At the trial, the jury returned a verdict in his favor for $1,000. Subsequently the court, on the motion of the city, granted judgment notwithstanding the verdict. This appeal is from the judgment so entered.

At the time of the injury, the city was, through its contractor, constructing a sewer along Twelfth avenue northeast, a street within the city, with the usual and customary drains connecting therewith. The work had progressed to Fifty-sixth street, and at that point excavations had been sunk in Twelfth avenue northeast to the sewer level at convenient distances apart for tunneling between them. One such excavation had been sunk in the center of the street where it intersected Fifty-sixth street, and two more had been sunk south therefrom, the first some eighteen feet from the first mentioned excavation, and the other some sixteen feet from the last. Catch basins were placed at the corners of the streets, and drains therefrom connected with the sewer. It was the policy of the city to leave a passageway for vehicles along the street while the work of the sewer was in progress, and for that purpose the earth taken from the excavations was thrown on the street to the east of the excavations, and the earth from the catch basins on the margin of the streets in such a way as not to obstruct the passageway. The catch basin at the southwest corner of the junction of streets named had been inserted just prior to the time of the injury, and the excavation left surrounding it filled with earth. A rain had fallen the night before, which caused this earth to settle somewhat, leaving the top of the fill some twelve inches, as es-

timated by one witness, and eight inches, as measured by another, below the common level of the street.

On the day of the injury, the appellant hauled a load of wood to a customer of his employer who lived in the vicinity of the street being improved. His course took him north along the west side of Twelfth avenue southeast, until he reached Fifty-sixth street, where he turned west on that street. In going with the load, he made the turn with safety, although he says he was obliged to drive his team over a pile of dirt thrown up in the street from an excavation for a catch basin. On his return with the empty wagon, he passed over the same course, but seems, on reaching the turn, not to have made any allowance for the swing of the team which he found necessary on his outward course, but turned abruptly into the cross street. The result was that the hind wheel of the wagon passed over the depression on making the turn, which, together with the cramped position of the wagon, caused some "convulsion of the wagon," which threw him from the seat of the wagon to the ground, causing his injuries. The wagon was an ordinary wagon used for hauling wood and coal, with a double box, having a seat at its front end high enough above the box to be out of the way of the load. The appellant testified that he did not see the depression while passing either way, being intent on keeping the team out of the excavations sunk for the purpose of laying the sewer pipe. The accident happened between five and six o'clock in the afternoon, in the full light of day.

It is, undoubtedly, the rule, as the appellant contends, that the use of a public highway by a person having knowledge of its defective and dangerous condition does not, of itself, constitute contributory negligence, but it is equally the rule that such knowledge requires increased caution on the part of the person so using it, and he is guilty of contributory negligence if he does not use caution commensurate with the apparent or known dangers. Here we think it plain that the appellant did not use the requisite care. His first trip over

the way made it known to him, according to his own admission, that the turn from the one street into the other could not be made with the team and wagon he was driving so as to keep the wheels of the wagon in the traveled way unless the team was swung somewhat out of the beaten path; in other words, he knew that, if the team was driven directly in the traveled part of the way around the turn, the back wheels of the wagon, at least, would drift to the side of the way. Common prudence dictated that he should have looked to see what was in the way, and failure to do so was negligence sufficient to bar a recovery from an injury happening because thereof.

There was, moreover, no evidence of negligence on the part of the city. The street was in the course of repair, not open for travel throughout its entire width, but in part only,— facts apparent to any one who approached it. The defect or obstruction into which the appellant drove his wagon was on the part of the street being improved, the part not open for travel, was in no manner concealed, but open and apparent to any one passing along the street. On the other hand, the way left open was reasonably safe for travel, and any one confining himself to this way could pass with safety. Under these circumstances, it is difficult to see wherein the city did not perform its full duty. We think it did, and so hold.

Again, to charge a city with liability for a defect such as the one shown here, even had it been in the way left open for travel, it must be shown that the city either had actual notice of the defect, or that it had existed for such a length of time as to charge it with constructive notice thereof. The evidence on this branch of the case is that the earth had been filled in around the catch basin to the common level the day before, or at most two days before, the accident. That it had rained on the night preceding the accident, and that the defect was caused by the settling of the earth in the fill. The defect, therefore, had existed but a few hours before the accident. There is no evidence that the city had actual notice of the defect, and no special circumstance is shown, other than the

mere lapse of time, why it should be charged with constructive notice; and the time elapsing, we think, was too short for that purpose.

The judgment is affirmed.

CROW, C. J., PARKER, MORRIS, and MOUNT, JJ., concur.