[No. 13710. Department Two. April 3, 1917.]

E. G. LaBRECK *et al.*, *Respondents*, v. THE CITY OF
HOQUIAM, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—PRIVATE WALKS — LIABILITY
OF CITY. A city is not liable for personal injuries sustained upon a
defective walk built across a slough in an unimproved and unopened
street by a private owner connecting his premises with a sidewalk
on the opposite side of the street.

SAME—NOTICE TO CITY—USE. In such a case, neither the fact
that the city had notice of such private walk nor the fact that it
was used by a mail carrier and a few neighbors to reach the owner's
premises, would make it a public use.

Appeal from a judgment of the superior court for Grays
Harbor county, Sheeks, J., entered April 15, 1916, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for personal injuries sustained through a defective
sidewalk. Reversed.

*Sidney Moor Heath* and *James P. H. Callahan*, for appellant.

*W. H. Abel*, *T. H. McKay*, and *F. M. Cook*, for respondents.

MOUNT, J.—The plaintiffs brought this action to recover
damages for personal injuries alleged to have been received
by Mrs. LaBreck by reason of falling upon a defective walk.
On issues joined, the case was tried to the court and a jury,
and resulted in a verdict and judgment in favor of the plaintiffs for $1,625.

The facts, as shown by the evidence, are substantially as
follows: Pacific avenue, in the city of Hoquiam, is a street
eighty feet in width. This street runs east and west. The
center of the street, to the width of twenty feet, was paved
to the east line of 29th street, which runs north and south.
Twenty-ninth street is sixty feet wide, and has never been

[1]Reported in 164 Pac. 67.

improved or used as a street, except sixteen feet in width in the center at its crossing with Pacific avenue. At about the center of 29th street, a plank road, sixteen feet in width, extended eastward on Pacific avenue. About a hundred feet east of the west line of 29th street, Pacific avenue was closed. One Mr. Price resides upon property owned by him at the southeast corner of 29th street and Pacific avenue. In the year 1914, he obtained permission from the city to lay a plank roadway on the east side of 29th street, in order that he might haul wood to his property. This plank roadway was built of boards, sixteen feet in length, which had been used previously upon Pacific avenue. Twenty-ninth street had not been improved by the city, except upon the west side, where a side-walk had been laid, running to the south. Mr. Price, for his own convenience, and without permission from the city, placed two boards across 29th street, over a ditch or slough on the west side of 29th street, to the sidewalk on the opposite side of the street from his house. These two boards were two and a half inches thick, by twelve inches wide, and twenty feet long. They were placed about four inches apart. Where the boards crossed the ditch, they were about three or four feet above the bottom of the ditch. In order to brace these boards, Mr. Price drove a stake into the mud, under each board, at about the middle of the ditch, so as to prevent these boards from sagging when they were walked upon. These boards were laid across 29th street at about the line of the intersection of Pacific avenue, where that avenue was unimproved.

Mrs. LaBreck, on August 5, 1915, in the daytime, went to Mr. Price's house, and in crossing these boards, one of them swayed down with her, she fell and caught her leg between the boards and was injured. This action was brought on account of that injury. At the close of the respondents' evidence, the appellant moved the court for a directed verdict, and at the close of all the evidence, renewed the motion.

These motions were denied, and the case was submitted to the jury.

The principal, and we think the controlling question in the case, is whether the city is liable for a walk way built by a property owner for his private convenience upon an unimproved street. The respondents rely upon the cases of *McKnight v. Seattle*, 39 Wash. 516, 81 Pac. 998, and *Tait v. King County*, 85 Wash. 491, 148 Pac. 586. In the first of these cases, we said:

"The walk was not built by the city, but by private parties, and it is claimed that there was no sufficient evidence to the effect that the city had accepted it as a part of the highway. But this street was a public street of the appellant city, opened to the use of the public, and the city was bound to keep it in a reasonably safe condition for use by the public. If this sidewalk rendered the street unsafe, it was the duty of the city to remove it or repair it, and its duty in this regard is not affected by the fact that it may not have constructed the walk."

In that case, it appears that the street was open to the use of the public. In this case, 29th street, south of Pacific avenue, was not open to the public. It was an unimproved street, so far as the city was concerned, except upon the west side, where there was a sidewalk. A large ditch ran south, down near the middle of this street. Mr. Price, on the opposite side of the street, had obtained permission from the city to build a private roadway to his wood-house on the east side of the street. There is no claim in the evidence that 29th street, south of the improved part of Pacific avenue, was open to the public for any purpose. Apparently, it was an unusable street, and not open to the public.

The case of *Tait v. King County, supra,* was a case where a roadway had been adopted by the county and had been permitted to become out of repair. We held, in that case, that it was the duty of the county to repair the road, and that the failure of the county so to do constituted negligence

for which a recovery might be had.　Neither of those cases decide the point presented here.

The respondent relies upon a number of cases from other jurisdictions, generally to the effect that a municipality is liable for the defective condition of a street or sidewalk, even though built by private parties.　We think there can be no doubt of this rule, in so far as it applies to streets which have been thrown open to public use or have been improved by the city, or by private owners along the street at the direction of the city.　In the case of *Saulsbury v. Ithaca*, 24 Hun 12, where one Turner, who owned a house and lot on the east side of Brindley street, had built a sidewalk to enable his tenants to go thereby to and from State street, which sidewalk was elevated three or four feet above an old cellar or excavation, into which the plaintiff fell, after first falling upon the sidewalk, and where it was conceded that the city never aided or contributed to the building, maintenance or repair of the sidewalk, or any other sidewalk at that place, and had never ordered the sidewalk to be built, the court said:

"Under these facts, the defendant claims that the building of a sidewalk along Brindley street was within its discretion, and that it is not liable in a private action for omission to exercise discretionary functions for the benefit of the public at large.　Or, to use the language of Judge Dillon (2 Mun. Corps., § 753), 'Where a corporation has a discretion as to the time and manner of making corporate improvements, . . . a private action will not lie against the corporation for omitting or neglecting to act; and the reason is, that such powers are conferred to be exercised or not, as the public interest is deemed to require.' "

Then, after determining that the power to improve streets is of a judicial nature, the court said:

"The act of Turner in building a walk to his tenant house from State street was his act, and not the act of defendant. It was not an obstruction to the street calling for the action of the trustees to remove it.　It was not an illegal use of the street on the part of Turner to which defendant could ob-

ject. If the work was unskillfully or negligently done, or if it was allowed to remain in an unsafe condition, it was not the fault of defendant. The defendant is not connected with the walk so as to create any liability by reason of its condition. A liability for negligence can be established against a municipality only by showing negligence, actual or constructive, by its officers or authority. In this case it is not shown."

And, in *Hiller v. Village of Sharon Springs*, 28 Hun 344, in referring to the *Saulsbury* case, above quoted, it was said:

"In *Saulsbury v. Ithaca*, above cited, it was claimed to be the absolute duty of the village to build sidewalks wherever it had streets. And this, it was held, was incorrect. Nor can it be said that whenever a street is opened in any part of a city or village, no matter how unfrequented, if an occupant lays down stones or planks along the side of his property the city or village at once becomes liable to keep them in repair. In country roads there are usually no sidewalks; and evidently it must be left to the judgment of the municipal authorities to say where sidewalks are needed, and how wide they should be. But if an occupant has constructed a suitable sidewalk not for his own use merely, but for the public, and if, for many years, the public have used it, then the municipal authorities may be considered to have practically adopted it."

In *Crawford v. Mayor and Council of Griffin*, 113 Ga. 562, 38 S. E. 988, where a private property owner built a bridge from the street to the sidewalk, over a gutter or ditch, for his private convenience, and where the bridge was afterwards removed by the city and replaced, the court said:

"It was a mere private bridge, built solely for the convenience of an individual. It was not shown that the city built it. The mere fact that the city took it up and replaced it and made some repairs upon it did not constitute it a public bridge. The city being under no duty to keep up the bridge, its failure to do so was not negligence, and the plaintiff could not recover."

In the case of *Ruppenthal v. St. Louis*, 190 Mo. 213, 88 S. W. 612, where an eighty-foot street had been improved,

and opened to the public, in the center thereof, and the city had not invited the public to use the strips on each side of the street, it was held that the city was not liable. for injuries to a pedestrian caused by a defect in a sidewalk, which was constructed without the consent or authority of the city, the condition of which walk was such as to indicate to a person exercising ordinary care that the sidewalk portion of the street had not been improved.

It is not the duty of cities to improve all streets which are platted within the boundaries thereof. It is the duty of cities to improve only streets which are necessary, and to the extent necessary. The city, of course, is the judge of such necessity. It would be impossible for any city, except one which is thickly populated, to improve all its streets within its boundaries. Where a city has improved its streets, of course it must keep such streets in reasonable repair for the uses for which they are intended. Sidewalks built by the city, or under the direction of the city, must, of course, be kept in reasonable repair, but the city ought not to be held responsible for sidewalks, or walks of any kind, built by private individuals for private convenience, in remote, outlying districts of the city, without notice to the city.

In this case, there is no dispute as to the fact that 29th street, south of Pacific avenue, was in a remote part of the city. That portion of the street was not open to public use. It had never been improved. A large ditch, or slough, ran down near the center of the street. Mr. Price, who owned property on the east side of the street, had obtained permission from the city to build a private way from Pacific avenue to the rear of his premises for the purpose of hauling wood to his premises. Without the permission of the city, and without notice to the city, he had built this two-board plank way, for his own convenience, across the street, to connect with the sidewalk on the opposite side.

It was not shown that the city had notice that this walk way was built or being used. It is claimed that the walk way

had remained there for a sufficient length of time that the city should have known it, but the mere fact that the city should have known, or the fact that the city did know it, did not render the city liable, because the walk was a private way, for the private convenience of Mr. Price, who built it.

It is true, one or two neighbors, and the mail carrier, testified that they had used the walk way. Probably other persons had used it for the purpose of going to Mr. Price's home, as the respondent herself did, but clearly that would not render this private way a public use. It was a private walk for a private person, notwithstanding the fact that a few neighbors frequently used it to go to Mr. Price's house.

We are satisfied, for these reasons, that there was no liability on the part of the city, and that the motion for a directed verdict should have been sustained.

The judgment is therefore reversed, and the cause ordered dismissed.

ELLIS, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.