[No. 17200.   Department Two.   June 12, 1922.]

# John Colquhon et al., Respondents, v. The City of Hoquiam, Appellant.[1]

MUNICIPAL CORPORATIONS (567) — CLAIMS — VARIANCE BETWEEN NOTICE AND PROOF. It is not a material variance, affecting the sufficiency of a claim against a city under Rem. Comp. Stat., § 9481, requiring the notice to locate and describe the defect, for a claim to state that plaintiff's foot was caught under the end of a raised board in the sidewalk, and to prove that she stubbed her toe when the board on which she stepped tilted down below the height of the next board.

SAME (469)—STREETS—DEFECTIVE SIDEWALKS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY. Whether a pedestrian was guilty of contributory negligence, in using a temporary walk in which the planks were loose, on which she tripped and fell, in the daytime, is a question for the jury, although there was evidence that she used no greater caution than she would upon an ordinary walk.

SAME (469). In such a case, a pedestrian is not guilty of contributory negligence as a matter of law in not taking a safer way, where she used the degree of caution that one should exercise in traveling a dangerous way.

SAME (434)—DEFECTIVE SIDEWALKS—NOTICE OF DEFECT—EVIDENCE —SUFFICIENCY. There is sufficient evidence that a city had notice of the defective condition of a temporary walk, where it gave permission to an abutting owner to lay such walk, and the defect had existed for several months, so as to charge the city with notice thereof.

SAME (465)—DEFECTIVE SIDEWALKS—NEGLIGENCE—QUESTION FOR JURY. Whether a city is negligent in suffering the use of a temporary walk of loose boards, liable to trip pedestrians, is a question for the jury, where it was located in a thickly settled residential district, and had been allowed to remain for a long time.

DAMAGES (84)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $16,000 for personal injuries sustained by a young married woman in a fall on a sidewalk will not be set aside as excessive, where she sustained a fracture of the knee, there was evidence that the injury resulted in bone cancer, which was liable to spread and

[1]Reported in 207 Pac. 664.

result in death, that pieces of bone had been removed, she had in-
curred liability in the sum of $2,500 for medical attendance, and was
still undergoing treatment.

Appeal from a judgment of the superior court for
Grays Harbor county, Sheeks, J., entered December
5, 1921, upon the verdict of a jury rendered in favor
of the plaintiffs, in an action for personal injuries sus-
tained through a defective sidewalk. Affirmed.

*James P. H. Callahan* and *E. E. Boner,* for appel-
lant.

*W. H. Abel* and *John D. Ehrhart,* for respondents.

MACKINTOSH, J.—A discussion of the various assign-
ments of error will introduce sufficient of the facts of
this case to render unnecessary a detailed statement
thereof. The respondent wife was injured upon a
sidewalk in the city of Hoquiam, and brought this
action for the damages she sustained. The jury
awarded her a verdict, upon which judgment was en-
tered and from which the city has appealed.

(1) The claim filed by the respondent with the
city, in describing the condition of the sidewalk which
is alleged to have caused the injury, used this language:

"that said boards were loose and there were no sills
and the boards were not nailed or attached to any
sills; that said defective condition had existed since
said sidewalks were constructed, a period of more than
seven months, and said conditions were well known to
the city of Hoquiam, its officers and agents, ever since
the sidewalk was constructed. That on account of said
condition while traveling along said sidewalk at said
time, the said Pearl Colquhon's right foot was caught
under the end of one of said loose and raised boards,
causing her to fall and be thrown violently, her right
knee striking the edge of one of the boards, badly
bruising and tearing the muscles and flesh of said knee
and breaking the bone or bones at said knee."

The complaint uses the same language in describing the defect in the sidewalk. The testimony as to the occurrence was that "there was a hole underneath the boards and it took it down about four inches. . . . I stubbed my toe on the board ahead and tripped and fell." It is the appellant's first assignment of error that this claim did not comply with § 9481, Remington's Comp. Stat., providing that ". . . All such claims for damages must *accurately* locate and describe the defect that caused the injury, *reasonably describe* the injury and state the time when the same occurred," (Italics ours) etc., and that the respondent should have been nonsuited for the reason that the testimony was at variance with the situation described in the claim.

We see no variance. The claim was that the respondent's foot was caught in the end of the raised board, and the testimony went to the same effect, that she stubbed her toe on the board by reason of the fact that the board upon which she had just stepped tilted down, thus lowering it below the board ahead. There is nothing in the situation that misled the appellant, and there was a sufficient compliance with the provisions of the statute. *Bell v. Spokane,* 30 Wash. 508, 71 Pac. 31; *Ellis v. Seattle,* 47 Wash. 578, 92 Pac. 431; *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43.

(2) The appellant argues for a nonsuit on the additional ground that the respondent's wife was guilty of contributory negligence. The testimony shows that the appellant had granted abutting property owners permission to take up a worn out wooden sidewalk and to replace it with a concrete one. The old sidewalk was removed and dirt had been filled in to make a foundation for a new walk, but before this could be laid the rainy season had set in and the cement walk could not be laid. On the surface of the fill, in order to provide

a passageway that would be free from mud, planks 8 feet long, 8 inches wide, and 2 inches thick, taken from the old walk, were laid end to end, making the walk about 2 feet wide. The planks were loose and un-nailed. The appellant claims that this situation was open and apparent, and that the duty was upon one making use of the walk to exercise a greater degree of care than when using an ordinary sidewalk. The testimony, it is claimed, shows that Mrs. Colquhon used no greater caution than she would have upon an ordinary walk; that she was using it in the daylight, and that her conduct was such that it would not have been indulged in by an ordinary person under the same circumstances. It further shows that she was familiar with the condition of the walk, and had used it on prior occasions. Reference is made to the rule in *Shannon v. Tacoma,* 41 Wash. 220, 83 Pac. 186, that a pedestrian cannot make use of a way which he knows to be dangerous, or use the way which one, exercising the degree of care commensurate with the danger, would not have used. The situation being such, it was a question for the jury to determine whether, under these facts and conditions, Mrs. Colquhon used reasonable care for her safety. *Rowe v. Ballard,* 19 Wash. 1, 52 Pac. 321; *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743; *McClammy v. Spokane,* 36 Wash. 339, 78 Pac. 912; *Cady v. Seattle,* 42 Wash. 402, 85 Pac. 19; *Stock v. Tacoma,* 53 Wash. 226, 101 Pac. 830; and *Lautenschlager v. Seattle,* 77 Wash. 12, 137 Pac. 323.

(3)    This, in effect, disposes of another contention of the appellant that Mrs. Colquhon was guilty of contributory negligence, as a matter of law, for the reason that she did not take a safer way, to wit, a planked railroad track, situated in the middle of the street, which the testimony shows she had used on prior occasions, and which was largely used by the public in

preference to the sidewalk. The case of *Chase v. Seattle,* 80 Wash. 61, 141 Pac. 180, is cited. That case, however, was one where there was an obstruction, into which the driver drove his wagon, in the portion of the street being improved which was not open to travel, and the situation was open and apparent to anyone passing along the road, whereas the other side of the street, which was left open for travel, was reasonably safe. It was held that the city had performed its full duty in keeping a portion of the street in safe condition. It has not been held that a person is guilty, as a matter of law, of contributory negligence when he uses a dangerous way, even though there may be a safer way, where he uses the degree of caution that would be exercised by a reasonably prudent man in traveling the dangerous way. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Jordan v. Seattle, Shannon v. Tacoma,* and *Cady v. Seattle, supra; Archibald v. Lincoln County,* 50 Wash. 55, 96 Pac. 831; *Stock v. Tacoma, supra.*

(4) It is next urged that there was no evidence that the city had notice of the defective condition before the accident. The evidence, however, shows that permission had been granted by the city to abutting property owners to lay the walk, and it therefore had notice that the work was to be done, and was charged with the duty of seeing it was properly done. *Noll v. Seattle,* 29 Wash. 28, 69 Pac. 382; *McClammy v. Spokane, supra; McKnight v. Seattle,* 39 Wash. 516, 81 Pac. 998. Furthermore, the testimony shows the defective condition of the walk had existed for several months prior to the injury, and if this were true, and the jury had a right to believe it was, then the city was charged with notice of the actual condition, if in the exercise of reasonable care it knew, or should have known, of such

condition. *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847; *Lorence v. Ellensburg,* 13 Wash. 341, 43 Pac. 20, 52 Am. St. 42; *McQuillan v. Seattle, supra; Elster v. Seattle,* 18 Wash. 304, 51 Pac. 394; *Devenish v. Spokane,* 21 Wash. 77, 57 Pac. 340; *Cowie v. Seattle,* 22 Wash. 659, 62 Pac. 121; *Beall v. Seattle,* 28 Wash. 593, 69 Pac. 12, 92 Am. St. 892, 61 L. R. A. 583; *Randall v. Hoquiam,* 30 Wash. 435, 70 Pac. 1111; *Austin v. Bellingham,* 45 Wash. 460, 88 Pac. 834; *Billings v. Snohomish,* 51 Wash. 135, 98 Pac. 107.

(5) In arguing for a directed verdict, the appellant claims that, in any event, the defect was not such a one as to render the city liable even if it had been negligent, for the reason that the city is not compelled to keep its streets in such condition that accidents cannot happen; that cities are not forced to see that their sidewalks are so perfect that no one can stub his toes thereon. It is true this sidewalk was in a thickly settled residence portion of the city where there was much travel, and the question was for the jury as to whether the sidewalk was actually unsafe and dangerous, and had been in such condition for so long that the city, in the exercise of reasonable care, either actually knew, or should have known, of the danger. As was said in the case of *McKnight v. Seattle, supra:*

"If this sidewalk rendered the street unsafe, it was the duty of the city to remove it or repair it, and its duty in this regard is not affected by the fact that it may not have constructed the walk."

And as we said in *Tait v. King County,* 85 Wash. 491, 148 Pac. 586:

"The fact that the roadway may have been constructed by a private individual does not necessarily absolve the county from any duty to keep it in reasonable repair."

These were questions of fact for the jury, and the court is not allowed to usurp the jury's function in that respect.

(6) Upon motion for a new trial there was raised the most perplexing question in this case, being whether the verdict was excessive, amounting as it did to $16,000. The testimony showed that Mrs. Colquhon was a young woman, in good health, and that she suffered a fracture of the knee, and that her husband, at the time of the trial, had already assumed liability in the sum of $2,500 for surgical and medical attendance. The testimony is that the doctors discovered that she was suffering from bone cancer, which the jury had a right to believe from the testimony was the result of this injury. Operations have been performed for the removing of portions of the bone, and she is still undergoing radium treatment, looking to a cure. There was testimony of reputable doctors to the effect that bone cancer, such as this, is not only apt to but is very liable to spread to other portions of the body, and that in such event death is practically certain to result, and there was some testimony that already the malignancy is spreading. Doctors appointed by the court and testifying for the appellant disputed these findings, but a question was presented for the jury to determine as to what the true situation was, and they must have found that it was very serious, with a reasonably sure prospect of fatal event. If this is so, we cannot say that $16,000 is an excessive compensation for the pain and suffering the woman has already endured and which she is reasonably certain to endure in the future. There is no standard measure into which we can pour the volume of her injury and say, in dollars and cents, that this much she has and will suffer and no more. After a thorough consideration of the question raised by this assignment, and several perusals of the state-

ment of facts concerning it, we do not see our way clear to interfere with the amount of the award.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.