**BLACKBURN v MIAMISBURG (city)**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1569. Decided May 26, 1939

I. C. Delscamp, Dayton, for plaintiff-appellant.

Lawrence Baver, Miamisburg, R. N. & N. K. Brumbaugh, Dayton, for defendant-appellee.

**OPINION**

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment in behalf of the defendant entered upon an instructed verdict of the jury.

The action was for damages for personal injuries suffered by plaintiff by reason of a nuisance, which it was claimed defendant had permitted to exist in a sidewalk of the defendant city and of which it had actual and constructive notice.

Specifically it was alleged that on the south side of East Pearl Street and immediately east of Sixth Street in the City of Miamisburg, said defendant constructed and maintained a catch basin in said sidewalk at the curb, which catch basin was so constructed

that an iron circular lid on the top thereof was used as part of said sidewalk and said lid was removable so that the catch basin could be cleaned from within; that plaintiff between 9:30 and 9:45 A. M. on July 26, 1937, suffered an accident whereby her left leg went into the catch basin which had no metal cover on top. The negligence charged against the defendant was that having had knowledge by its proper officers and agents of the dangerous condition of said catch basin and the existence of said catch basin without a cover lid, or in the exercise of reasonable diligence should have known that said cover of said catch basin was not thereon; that said defendant was negligent and careless in the construction of said catch basin in not fastening the lid on said catch basin; that defendant permitted said catch basin to be maintained and so situated on said public sidewalk without a cover thereon and without a cover having been duly fastened thereto; failed to keep said walk open to the use of the general public and free from nuisance, and failed and neglected to inspect said catch basin in said sidewalk to see if the lid thereon was in position and securely fastened for the safety of pedestrians using said public walk and failed to remedy the condition in the sidewalk by placing said cover on said catch basin and securely fastening the same and in failing to place some guard, railing or barricade to warn pedestrians of the dangerous condition of said catch basin and that the same was open on said sidewalk.

The answer of the city was a general denial of all the affirmative averments of negligence against it.

Upon the conclusion of plaintiff's case, on motion of defendant, the trial judge instructed the jury to return a verdict for the defendant, which was returned. After motion for new trial was overruled, judgment was entered on the verdict. From this judgment the appeal is prosecuted.

There are three errors assigned, (1) In the rejection of certain testimony proffered by plaintiff, appellant (2)

Directing the jury to return verdict for the defendant (3) In overruling plaintiff's motion for new trial and rendering judgment against her.

The facts developed were that plaintiff, between 9:30 and 9:45 o'clock in the morning of July 26, 1937, went to a grocery store of Lester E. Burns at 601 East Pearl Street to buy some food stuffs. She made a number of purchases, left the store and had gone across the street or to the south side of Pearl Street when Mr. Burns, the grocer, observing that she had quite a load and knowing that she had theretofore been ill, suggested that he would deliver her groceries and that she might ride with him. She then crossed the street to the north side thereof and moved with the grocer to his truck which was parked at the curb some ten or twelve feet west of a manhole in the sidewalk to the north of Pearl Street. The grocer discovered that he had no extra seat in the truck upon which Mrs. Blackburn could ride. She suggested that she would walk. As she stepped backward from the grocery truck she fell into the manhole, the grocer says up to her armpits. She was painfully and severely injured.

At about 7 or 7:30 o'clock in the morning of the same day that the plaintiff was injured, Mrs. Mary E. Hill observed that the lid was off the manhole in front of the Burns' grocery and sometime later in the morning another witness saw that the cover was off the manhole.

The place where the accident occurred was on Pearl Street which was a thoroughfare some ten to twelve squares in length. It was built up with residences and was paved on both sides. The place where the accident occurred was about one mile from the City Building and but a few blocks from the city limits. The City of Miamisburg has a population of five to six thousand. At the time of the accident it had but one motor patrolman whose duty it was to police the whole city and, among other things, to check manholes of the sewage system, especially with reference to overflow or stoppage. Each man-

hole in the city was checked once a day but on the day in question inspection had not been made and no officer of the city was in the vicinity of the accident until a very few minutes after it occurred.

There is no proof of actual notice to the city of the condition in the street and if knowledge is established at all it must be upon the basis of constructive notice.

It will be observed that the greatest period of time which could have elapsed between the observance of the open condition of the manhole and the time when plaintiff was injured was two and one-half hours. The trial judge held that, as a matter of law, this time was insufficient to permit the jury to say that the defendant was chargeable with constructive notice of the nuisance in the street.

Under the case of **Hamden Lodge v Gas Co., 127 Oh St 469**, the court was required to say whether or not, under the evidence, reasonable minds could determine that the condition complained of had existed for a sufficient length of time as that the city, in the exercise of ordinary care, should have known of it and could nave taken steps to correct it. Further, this court to reverse must hold that the action of the trial judge in directing the verdict was manifestly erroneous and prejudicial. We cannot so find upon a careful consideration of the evidence.

Under all the facts and circumstances appearing, some of which we have heretofore stated and all of which we have considered, we are of the opinion that two and one-half hours was too short a time to form a basis for determination that the city should have known of the dangerous condition in the sidewalk.

We have examined  ll cases cited and find that in none of them did the nuisance exist for so short a time as in the instant case. In the case of Herriman v City of Boston, 114 Mass., 241, cited by appellant, the condition obtained from early morning until noon. The nuisance was a coal hole in a sidewalk on a much travelled street of the city and upon the regular beat of the police. The distinguishing differences between the cited case and our case are apparent.

In **Village of Orrville v Coyle, 33 Oh Ap 366**, the action was predicated upon injuries suffered by plaintiff falling over a fire hose which had been left across a sidewalk upon one of the streets of the village. The jury found, upon an answer to a special interrogatory, that the fire hose had been on the sidewalk for three days prior to the time of the accident. The pronouncement of the court in the syllabus must be taken in the light of the facts developed in the case.

We have been interested to examine the question here presented and have done considerable independent research and believe that we can safely say that not only is there no case in Ohio, but there is no reported case elsewhere wherein constructive notice of a nuisance has been imputed to a city where it had existed for so short a time as in this case.

In Ferguson v Village of Waverly, 112 N. Y. S., 891, one hour was held too short a time to support the claim of constructive notice of a defect in the sidewalk.

In McKee v City of New York, 120 N. Y. S., 149, there was a deficiency in the street caused by rainfall which ceased about 8 p. M. and plaintiff was injured within three hours thereafter. This was held insufficient time.

In Dawson v McGill, 28 Ga Ap 300, existence for a few hours of a defect over a ditch in a street was held insufficient.

In Strang v Kenocha, 174 Wis. 480, it was said that the existence of a defect in the street, a depression due to excavation on adjacent land for a few hours, would not, as a matter of law, amount to constructive notice of the dangerous condition. Chase v City of Seattle, 80 Wash. 61.

In City of Danville v Vanardarle, 243 Ky. 338, dangerous condition caused by fire hose on sidewalk for five hours held insufficient time.

In Tabor v City of Buffalo, 120 N. Y. S. 1089, it was held that the court erred in charging the jury that the city could not be charged with constructive notice where a hole in a street had remained for eleven hours.

In Scanlan v Kansas City, 223 Missouri, 233 Missouri Appeals, 1203, three hours and forty-five minutes was held sufficient time within which the city should have discovered and remedied a defect at an alley intersection with a sidewalk. The immediate condition causing the injury to the plaintiff was shown to exist but three hours and forty-five minutes, but the general dangerous condition at the street, where the accident occurred, was present for a week or ten days. In the opinion the court says that pedestrian travel where the plaintiff fell was one of the greatest in the city; that a traffic officer was located one-half block distant therefrom from 8 o'clock in the morning until 11 o'clock at night and that the dangerous condition occurred at one of the busiest places in the city, both as to pedestrian and to vehicular traffic.

It is also urged that the court should have submitted to the jury the question whether or not the maintenance of the lid over the manhole at the scene of the accident, without bolts or other fastenings to hold it in place, would constitute negligence against the city.

It appeared that the manhole cover weighed more than 23 lbs., fitted closely into the hole and was removed by inserting a pick into the flange around the outer surface of the top of the lid. It also appeared that there were two holes in this cover into which fingers might be inserted. The possibility of removal in this manner is remote.

There is nothing in the record tending to show that the placing of the cover as found in the manhole under consideration, was faulty construction nor contrary to approved practice except the jury be permitted o make that determination from the fact that the lid was not bolted down. The extent to which bolts should have been used so that the manhole top could not have been lifted and thereby exposed the public to the danger of falling into the hole does not appear. The Superintendent of Streets says that the bolting of the manhole would not prevent the exposure of the opening, although, of course, it would minimize the possibility of the removal of the top.

Upon this claim of the plaintiff, we are satisfied that the trial judge was correct in refusing to submit it to the jury.

The evidence which plaintiff sought to introduce and which the court refused to admit related to the action of the city in placing bolts in the cover of the manhole, where the plaintiff was injured, after this occurence. This, of course, was not admissible to show negligence as a correction in a condition is never competent for that purpose nor was it competent to show that the placing of the manhole cover, as it was done prior to the injury, was faulty practice.

Counsel for appellant urges that the testimony as to the placing of bolts in the manhole cover subsequent to the accident had probative effect to show that the officers of the city were chargeable with maintenance of the manhole and its cover. There could be no question about the obligation of the city to maintain its system of sewers operating within the city and this additional evidence could add nothing whatever to proof of that duty.

We find no error in this judgment to the prejudice of this plaintiff.

The judgment will be affirmed.

GEIGER and BARNES, JJ, concur.